McCOWN, Appellee,

v.

McCOWN et al., Appellants.

[Cite as *McCown v. McCown* (2001), 145 Ohio App.3d 170.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

Nos. CA2000–10–025 and CA2000–10–026.

Decided Aug. 6, 2001.

*James Butler*, for appellee.

*Mark J. Pitstick,* for appellants.

---

VALEN, Judge.

Respondents-appellants, Norma and William McCown, appeal the imposition of civil protection orders against them. Based on the reasons that follow, this appeal is dismissed for lack of jurisdiction.

William's ex-wife, petitioner-appellee Stacy McCown, filed petitions for domestic violence civil protection orders against William and his mother, Norma. The trial court issued temporary *ex parte* civil protection orders against appellants pursuant to R.C. 3113.31. Subsequently a hearing on the petitions for civil protection orders was held before a magistrate on September 19, 2000. On September 25, 2000, civil protection orders against appellants effective until September 2005 were issued in an entry marked "final appealable order" that was signed by the magistrate and a trial court judge. Appellants filed objections to the magistrate's decision on October 3, 2000. On that same day, appellants filed a notice of appeal with this court.

■ Ohio appellate courts have jurisdiction to review "final orders" of the inferior courts within their district. Section 3(B)(2), Article IV, Ohio Constitution. If an order is not "final," appellate courts have no jurisdiction and the appeal must be dismissed. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383–1384.

Civ.R. 53 provides for the use of magistrates to assist courts in their judicial functions. Civ.R. 53(E)(4)(c) states in relevant part:

"Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but *the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.* The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified." (Emphasis added.)

■ The filing of objections acts as a stay of the execution of a magistrate's judgment. See *id.* Once an appeal is taken, a trial court is divested of jurisdiction except " 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt[.]' " *State ex rel. State Fire Marshal v. Curl* (2000), 87 Ohio St.3d 568, 570, 722 N.E.2d 73, 74–75, quoting *State ex rel. Special Prosecutors v.*

*Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 90, 378 N.E.2d 162, 165.

█ The trial court's docket of this case concludes with the filing of appellants' objections to the magistrate's decision. By filing objections to the magistrate's decision and notices of appeal at the same time, appellants did not afford the trial court an opportunity to rule on the objections before it was divested of its jurisdiction over this matter.

█ "[O]nly a judge, not a magistrate, may terminate a claim or action by entering judgment." *Harkai v. Scherba Indus., Inc.* (2000), 136 Ohio App.3d 211, 218, 736 N.E.2d 101, 106. Because a trial court judge has not yet independently reviewed the magistrate's decision and ruled upon appellants' objections as required by Civ.R. 53, there is no final order before us to consider in this case and this appeal is premature. See *id.*

This court does not have jurisdiction to hear the instant appeal. Accordingly, the appeal is dismissed.

*Appeal dismissed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.