DECISION.
Plaintiff-appellant Amy Scott and defendant-appellee David Chalk were both married, though not to each other. They did, however, work for the same employer and had an affair that lasted for ten months. When the affair ended, Scott claimed that Chalk began to follow her to and from work regularly, even though the employer had documented Chalk's agreement to stay away from her. But she took no further action until six months later, when she claimed that, on three successive days after work, Chalk drove next to her and yelled through his open window, threatening her.
Scott's husband had been communicating with Chalk's wife. He had encouraged her to send to him any writings or videotapes that their respective spouses might have shared during the affair. The material arrived at the Scotts' home at about the same time that Scott alleged that she had been threatened while driving home. Included with the material was a handwritten note that appeared to threaten Scott's children. But Chalk later testified that though he wrote the note, it was simply a summary of thoughts that Scott's husband had shared with Scott or with Chalk's wife, and that the note was never meant to have been sent to Scott.
Scott initially filed a criminal complaint, but then dismissed it and instead sought an ex parte civil protection order. The order was granted in early October without the court having heard from Chalk, and then the matter was contested in a full hearing before a magistrate in late November. After a lengthy hearing involving five witnesses, the magistrate took the case under submission for a finding. The magistrate continued the case for four months, and during that interval no further incidents were alleged to have occurred. In March the magistrate dismissed the case, effectively dissolving the civil protection order. Scott objected to the magistrate's decision, and the trial court overruled the objections without stating a reason.
Scott now appeals the trial court's decision to overrule her objections. She raises two assignments of error. First, she contends that the court's decision was based on the mistaken belief that it had no jurisdiction to review the magistrate's order dismissing Scott's petition because it was a final appealable order. Second, she argues that the court's decision was against the manifest weight of, and insufficiently supported by, the evidence. We overrule both assignments of error and affirm the judgment of the court.
Scott contends that the trial court overruled her objections because it erroneously believed that it lacked jurisdiction to rule on the matter. If the court had so ruled, it would have been in error. A trial court must independently review a magistrate's decision and rule upon any objections before appellate review is appropriate.[1] Civ.R. 53 provides:
 Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified.
 But Scott's contention is not supported by the record. The record states only that Scott's objections were not well taken and were thus overruled. Absent a record that demonstrates an assigned error, we must presume the regularity of the proceedings below.[2] Scott's first assignment of error is overruled.
Scott next argues that the trial court's decision was against the manifest weight of the evidence and that there was insufficient evidence to support it. While a distinction between the criteria exists in criminal cases,[3] in a civil proceeding, qualitative and quantitative distinctions between weight and sufficiency of the evidence are not recognized.[4] Under the civil standard, as long as some competent and credible evidence supports a trial court's decision, it cannot be reversed.[5]
In this case, there was competent and credible evidence to support the trial court's decision. Chalk testified that the incidents involving the yelling of threats between the cars never occurred. And a witness on Chalk's behalf testified that Chalk had been at her home when one of the incidents allegedly occurred. But most importantly, Scott admitted that no incidents of any kind had occurred for almost two years. Under these circumstances, the trial court's decision to overrule Scott's objections was supported by competent and credible evidence. We thus overrule her second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan and Hildebrandt, JJ., concur.
[1] See Civ.R. 53(E)(4)(c); McCown v. McCown (2001), 145 Ohio App.3d 170; 762 N.E.2d 398
[2] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, 385, citing State v. Skaggs (1978), 53 Ohio St.2d 162,372 N.E.2d 1355.
[3] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546-547.
[4] See State v. Hunter (2001), 144 Ohio App.3d 116, 121, 759 N.E.2d 809,812, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, and Lakeshore Properties v. Sharonville (Feb. 16, 2001), Hamilton App. No. C-000321, unreported; Cole v. Complete Auto Transit,Inc. (1997), 119 Ohio App.3d 771, 777, 696 N.E.2d 289, 293; Duvall v.Time Warner Entertainment Co. (June 25, 1999), Hamilton App. No. C-980515, unreported.
[5] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.