OPINION
{¶ 1} William W. Drummond, defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, rendered on May 23, 2002.
 {¶ 2} Appellant and Sharon M. Drummond, plaintiff-appellee, were married on August 10, 1974, and two children were born as issue of the marriage. Appellee filed a complaint for divorce on January 13, 2000. The magistrate adopted temporary orders on April 5, 2001, making such orders retroactive to February 1, 2000. Appellant was ordered to pay $1,016.58 per month, plus processing charge, in child support and $600 per month, plus processing charge, in spousal support. On April 24, 2001, appellant filed a request for an oral hearing pursuant to Civ.R. 75. The Civ.R. 75 hearing was held on August 10, 2001. On August 21, 2001, the magistrate filed an order with regard to the Civ.R. 75 hearing, in which he modified child support to $733.50 per month, plus processing charges, but kept the prior spousal support amount in effect. Appellant asserts his counsel did not receive a copy of the order until September 4, 2001. On September 10, 2001, appellant filed with the trial court a motion to set aside the magistrate's order, as well as a motion to extend time to file the motion to set aside. The motion to extend time was set for hearing on October 4, 2001.
 {¶ 3} On September 24, 2001, appellant lost his job. On September 27, 2001, he filed a motion to modify child and spousal support due to his loss of employment, and a hearing before the magistrate was held on November 19, 2001. On December 11, 2001, the magistrate ordered child support of $165.50 per month, per child, plus processing charge; $100 per month to liquidate the arrearages in temporary child and spousal support accrued as a result of the retroactivity of the April 5, 2001 orders; and spousal support of $270 per month, plus processing charge.
 {¶ 4} From the record, it appears as though the October 4, 2001 hearing on the September 10, 2001 motion to set aside and motion to extend time was continued several times. On December 10, 2001, the hearing on the motion to set aside and motion to extend time was continued again to January 18, 2002. On December 10, 2001, the trial court also set a trial on the merits for January 23 and 24, 2002. It appears from the record that on January 18, 2002, the hearing on the motion to set aside and motion to extend time was continued to January 23, 2002. A trial on the merits of all issues, except allocation of parental rights and responsibilities, was held on January 23 and 24, 2002 before the trial court. Our review of the record fails to reveal any decision or final divorce decree. Further, the record is not clear whether the motion to set aside and motion to extend time were ever heard on January 23, 2002, but appellant indicates in his appellate brief that neither have been ruled upon.
 {¶ 5} Appellant received unemployment compensation until March 30, 2002. On May 9, 2002, appellant filed another motion to suspend child support and spousal support due to the termination of his unemployment compensation. Also on May 9, 2002, the magistrate held a hearing on the final allocation of parental rights and responsibilities, and issued a "magistrate's order" on May 10, 2002, ordering appellant to pay child support in the amount of $733.50, plus processing charge, per month.
 {¶ 6} On May 20, 2002, appellant filed a "motion to set aside" the May 10, 2002 "magistrate's order." No hearing was ever held and no decision was ever issued with regard to such. On May 23, 2002, the magistrate filed a "magistrate's decision" changing the May 10, 2002 "magistrate's order" to a "magistrate's decision," but otherwise adopting the same findings from the May 10, 2002 "order." The trial court approved and adopted the May 23, 2002 "magistrate's decision" via judgment entry filed on May 23, 2002.
 {¶ 7} On May 30, 2002, appellant's counsel received the May 23, 2002 "magistrate's decision" and trial court judgment. On May 31, 2002, appellant alleges his counsel received a notice from the clerk of courts indicating that an entry that may be a final appealable order had been filed on May 23, 2002. On June 13, 2002, appellant filed objections to the May 23, 2002 magistrate's decision. No decision has been filed addressing the June 13, 2002 objections. Appellant then filed a notice of appeal with regard to the May 23, 2002 judgment of the trial court. Appellee has not filed a brief in response. Appellant asserts the following four assignments of error:
 {¶ 8} "[I.] The Trial Court erred to the prejudice of Defendant by denying him an appeal from the Magistrate's Order on the Rule 75 hearing.
 {¶ 9} "[II.] The Trial Court erred to the prejudice of Defendant by denying him a Rule 75 hearing within 28 days after the time of the issuance of the temporary orders.
 {¶ 10} "[III.] The Trial Court erred to the prejudice of Defendant by approving the Magistrate's Decision of May 23, 2002 changing the title of the Magistrate's Order entered May 9, 2002 to "Magistrate's Decision" after the Defendant had filed an appeal to the May 9, 2002 Magistrate's Order.
 {¶ 11} "[IV.] The Trial Court abused its discretion in approving the Magistrate's Decision when the Defendant was without employment, his unemployment compensation had expired and he had no job, and when there was a pre-existing order to pay child support in the amount of $732.50 per month, spousal support in the amount of $270.00 per month, and payment of $100.00 per month on arrearage caused by the back-dating of the Magistrate's original temporary order issued April 5, 2001, and in granting the Plaintiff the right to claim both children as dependent exemptions for Federal tax purposes, regardless of whether the Defendant had paid the child support obligation in full."
 {¶ 12} We must initially address a matter that is not directly addressed in any of appellant's assignments of error. The magistrate filed a "magistrate's order" on May 10, 2002. Appellant timely filed a motion to set aside the "magistrate's order" pursuant to Civ.R. 53(C)(3)(b) on May 20, 2002. The magistrate then issued a "magistrate's decision" on May 23, 2002, which changed the May 10, 2002 "magistrate's order" to a "magistrate's decision" but otherwise adopted the same findings. The trial court filed a judgment adopting the "magistrate's decision" on the same date. Appellant's counsel received notice of the May 23, 2002 decision and judgment on May 30, 2002. In response to the "magistrate's decision," he then filed objections to the May 23, 2002 "magistrate's decision," pursuant to Civ.R. 53(E)(3)(a). Civ.R. 53(E)(3)(a) requires objections to a magistrate's decision to be filed within 14 days of the filing of the decision. The trial court did not rule on either the May 20, 2002 motion to set aside or the June 13, 2002 objections.
 {¶ 13} We find that we must remand the matter to the trial court for consideration of appellant's objections to the magistrate's decision. Pursuant to Civ.R. 53(E)(4)(b), "[t]he court shall rule on any objections" to a magistrate's report. This rule imposes a mandatory duty on the court to dispose of a party's objections to a magistrate's report. It is clear that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections. See McCown v. McCown (2001), 145 Ohio App.3d 170,172 (where the judge has not yet ruled upon objections as required by Civ.R. 53, there is no final order and the appeal is premature); Peric v. Buccilli, Cuyahoga App. No. 80805, 2002-Ohio-6234 (the trial court's failure to rule on objections to the magistrate's decision renders the judgment of the trial court adopting such not a final appealable order); Kolman v. Building Works Co., Inc., Cuyahoga App. No. 80552, 2002-Ohio-3790; Beal v. Allen, Cuyahoga App. No. 79567, 2002-Ohio-4054, fn. 2 (a trial court's entry adopting a magistrate's report is not a final appealable order until any timely objections are ruled on by the court); Ferretti v. Graham (Feb. 13, 2001), Franklin App. No. 00AP-765; Mathers v. Mathers (Mar. 31, 1992), Geauga App. No. 91-G-1647 (holding that a trial court order which failed to rule on objections to a magistrate's decision is not a final appealable order).
 {¶ 14} Although appellant's June 13, 2002 objections to the May 23, 2002 "magistrate's decision" were not filed within 14 days pursuant to Civ.R. 53(E)(3)(a), clearly his filing of the May 20, 2002 motion to set aside the "magistrate's order" was sufficient to preserve his arguments to the magistrate's ruling on the allocation of parental rights and responsibilities. The timely May 20, 2002 motion to set aside was the proper procedural device for contesting the "magistrate's order." Although the magistrate properly changed the title of the "magistrate's order" to "magistrate's decision," thereby rendering appellant's prior "motion to set aside" the procedurally improper recourse for contesting the magistrate's determination, the magistrate's error in initially misnaming his decision cannot obviate appellant's rights under these circumstances. Given appellant's timely filing of the "motion to set aside" with regard to the "magistrate's order," we find the later filing of his "objections" to the "magistrate's decision" was timely and must be addressed by the trial court. Because the trial court judge has not ruled upon appellant's objections as required by Civ.R. 53, there is no final order before us to consider in this case and this appeal is premature. Accordingly, the appeal must be dismissed and the case remanded.
 {¶ 15} Although we must dismiss this appeal, based upon our review of the record, we feel compelled to make some further observations that should be taken into consideration upon remand. On September 10, 2001, appellant filed a motion to set aside the August 21, 2001 magistrate's order and a motion to extend time for filing the motion to set aside. The motion to extend time was set for hearing on October 4, 2001. The trial court granted several motions for continuance of the October 4, 2001 hearing, and it appears as though a hearing was eventually set for December 10, 2001. The December 10, 2001 hearing was continued again to January 18, 2002. It appears from the record that on January 18, 2002, the hearing on the motion to extend time was continued to January 23, 2002. The record is not clear what happened after this date with respect to this motion. Therefore, it appears as though neither the motion to set aside nor the motion to extend time have been ruled upon. These motions should also in some way be addressed upon remand so as to avoid a future appeal of this issue. Further, the record demonstrates the parties have yet to finalize their divorce. Partial judgments on some but fewer than all of the claims in a divorce case are typically not considered appealable orders, and any appeal must await resolution of all of the issues before the court. See, e.g., Calhoun-Brannon v. Brannon (Sept. 7, 2001), Trumbull App. No. 2000-T-0119 (magistrate's final allocation of parental rights was still subject to modification upon the entering of the final divorce decree, and, thus, the trial court's judgment adopting the magistrate's decision was not a final appealable order). Although a domestic court is permitted to issue separate decisions upon various issues, these determinations must all be incorporated into one final judgment. Civ.R. 75(F)(2). An appeal of only the final judgment dispensing with all issues avoids piecemeal appeals. Thus, the trial court should consider these matters upon remand.
 {¶ 16} Accordingly, appellant's appeal is sua sponte dismissed, and the matter is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations for proceedings consistent with this opinion.
Appeal dismissed and case remanded.
TYACK and DESHLER, JJ., concur.