OPINION
{¶ 1} Defendant-appellant, Garry Ludwick, appeals a decision of the Fayette County Court of Common Pleas, Domestic Relations Division, finding him in contempt for his failure to comply with the terms of a divorce decree. Because the trial court failed to rule on appellant's objections to the magistrate's decision, we dismiss the appeal.
 {¶ 2} The parties were divorced in 2000 and appellant was ordered to pay spousal support, child support, a portion of his child's uncovered medical expenses, and ordered to maintain a $100,000 life insurance policy naming his child as the beneficiary. In December 2001, plaintiff-appellee, Tami Ludwick, filed a contempt motion alleging that appellant failed to comply with the above stated orders. A hearing on the motion was held before a magistrate on April 12, 2002. The magistrate issued a decision finding appellant in contempt on July 8, 2002. Appellant timely filed objections on July 22, 2002. On July 29, 2002, the trial court entered a decision adopting the magistrate's decision, finding that "[n]either party has objected to [the magistrate's] decision." On July 30, 2002, appellee filed a response to appellant's objections.
 {¶ 3} Appellant appeals from the trial court's entry adopting the magistrate's decision, alleging that the trial court erred by finding him in contempt.
 {¶ 4} As a threshold matter, we find that we are unable to review the trial court's decision as the trial court failed to rule on appellant's timely filed objections. Pursuant to Civ.R. 53, a party may file written objections to a magistrate's decision within fourteen days of the filing of that decision. Civ.R. 53(E)(3)(a). Any objection to a finding of fact must be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact, or an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(b). The rule further states that the trial court "shall rule on any objections." Civ.R. 53(E)(4)(b).
 {¶ 5} This rule imposes a mandatory duty on the trial court to dispose of a party's objections to a magistrate's decision. It is well-established that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections. Drummond v. Drummond, Franklin App. No. 02AP-700, 2003-Ohio-587, at ¶ 13; see, also, McCown v. McCown
(2001), 145 Ohio App.3d 170, 172 (where the trial court has not ruled upon objections as required by Civ.R. 53, there is no final order and the appeal is premature); Peric v. Buccilli, Cuyahoga App. No. 80805,2002-Ohio-6234 (the trial court's failure to rule on objections to the magistrate's decision renders the judgment of the trial court not a final appealable order); Beal v. Allen, Cuyahoga App. No. 79567,2002-Ohio-4054, at fn. 2 (trial court's entry adopting a magistrate's decision is not a final appealable order until any timely objections are ruled on by the court); Ferretti v. Graham (Feb. 13, 2001), Franklin App. No. 00AP-765.
 {¶ 6} Review of the record in the present matter reveals that appellant timely filed objections to the magistrate's decision and that the trial court failed to rule on those objections. The timely filing of objections acts as a stay of the execution of the magistrate's judgment and renders the trial court's order unenforceable. See McCown at 171; Civ.R. 53(E)(4)(c). Once it has determined the objections, the trial court may rule accordingly. Civ.R. 53(E)(3)(b). Until then, the trial court's order adopting the magistrate's decision is unenforceable.
 {¶ 7} Because the trial court has not ruled upon the objections, there is no final order before us to consider in this case and the appeal is premature. McCown at 172. Accordingly, we are compelled to find that we do not have jurisdiction and dismiss the present appeal for want of a final, appealable order.
Appeal dismissed.
VALEN, P.J., and POWELL, J., concur.