OPINION
{¶ 1} Defendant-appellant Marissa M. Kochalko [hereinafter appellant] appeals from the September 28, 2001, Judgment Entry of the Guernsey County Court of Common Pleas which adopted the decision of a Magistrate granting the parties a divorce and deciding related matters. For the reasons set forth below, we dismiss the appeal for a lack of a final appealable order.
 {¶ 2} On March 29, 2000, plaintiff-appellee Daniel J. Kochalko [hereinafter appellee] filed a complaint for divorce.[1] The matter proceeded and on September 28, 2001, a Magistrate issued a Magistrate's Decision/Divorce Decree. That same day, the trial court approved and adopted the Magistrate's Decision.
 {¶ 3} On October 12, 2001, appellant filed timely objections to the Magistrate's Decision, pursuant to Civ.R. 53. The trial court set the objections for a non-oral hearing on October 29, 2001. However, on October 29, 2001, appellant filed a notice of appeal. As a result, on November 2, 2001, the trial court stayed its decision on appellant's objections to the Magistrate's Decision and Decree.
 {¶ 4} Civil Rule 53(E)(4)(c) states: "Permanent and interimorders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Therefore, in the case sub judice, the execution of the judgment of divorce was automatically stayed when the objections were filed.
 {¶ 5} If an order is not final, appellate courts have no jurisdiction and an appeal must be dismissed. Noble v. Colwell (1989),44 Ohio St.3d 92, 94, 540 N.E.2d 1381. There is no final appealable order if a trial court has not yet ruled upon timely filed objections. McCownv. McCown (2001), 145 Ohio App.3d 170, 172, 762, N.E.2d 398. A review of the record indicates that the trial court failed to rule on appellant's objections to the Magistrate's Decision. Thus, the order of the trial court adopting the Magistrate's Decision is not a final appealable order. Therefore, this Court does not have jurisdiction to hear this appeal.
 {¶ 6} Accordingly, appellant's appeal is dismissed.
By: Edwards, J., Gwin, P.J. and Hoffman, J. concurs.
In Re: Final Appealable Order.
[1] The parties were married on November 23, 1984, and have six children born as issue of the marriage.