OPINION *Page 2 
{¶ 1} Defendant-appellant Mary Beth Cappell-Bovee appeals the November 6, 2007 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, in favor of Plaintiff-appellee James L. Cropley.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on June 17, 2000, and no children were born as issue of the marriage. On January 13, 2006, Appellee James L. Cropley (hereinafter "Husband") filed a complaint for divorce. Appellant Mary Beth Cappell-Bovee (hereinafter "Wife") filed a counterclaim on April 10, 2006.
 {¶ 3} The matter proceeded to trial, and the following evidence was adduced at trial:
 {¶ 4} Husband is 52 years-old. Approximately six years prior to the marriage, Husband started Crown Tile Marble, which corporation is now in bankruptcy proceedings. The corporation was in business approximately twelve years, and the parties were married during six of the years. Husband is currently unemployed as a result of the bankruptcy of the corporation.
 {¶ 5} Wife is 47 years-old. Wife worked for Crown Tile during the marriage, inputting financial data into the corporate books via computer. Wife also owns a landscaping business. In 2004, Wife earned $42,000 from Crown Tile. In 2005, Wife earned $17,344 from Crown Tile and $10,883 from her landscaping business, Sterling Concepts. *Page 3 
 {¶ 6} During the pendency of the marriage, Crown Tile paid a number of the parties' personal expenses, including: Glenmoor Country Club dues, a Porsche automobile, veterinary bills and a BMW automobile.
 {¶ 7} Husband purchased real estate located at 6268 Dorrell Drive (hereinafter "Glenmoor Property") prior to the marriage, with an original mortgage balance of $140,600. The property is currently valued at $240,000. Wife claims to have contributed approximately $13,500 in landscaping and improvements to the property.
 {¶ 8} The parties jointly purchased real estate located at 697 Island Drive (hereinafter "Lake Cable Property") during the marriage for $134,000. The property is now valued at $132,000. The Lake Cable Property was purchased with a second mortgage on the Glenmoor Property. The Glenmoor Property was then refinanced for a total current mortgage of $283,500, which includes the balance of the original Glenmoor mortgage, plus the mortgage on the Lake Cable property, plus additional cash proceeds taken out as part of the refinance. The amount of the Glenmoor mortgage attributable to the Lake Cable Property is $123,252.
 {¶ 9} The parties own several vehicles. Husband has a 2004 F-250 Ford pickup truck, and wife as a 2001 Volvo S-60. Wife also has a 2002 BMW.
 {¶ 10} Wife has credit card debt totaling approximately $39,900.
 {¶ 11} The parties have various retirement accounts and investments at issue.
 {¶ 12} Via magistrate's decision of May 4, 2007, the magistrate granted the divorce. The magistrate ordered no spousal support to be paid by either party. The magistrate divided the marital and separate property. The magistrate ordered the Lake Cable property be sold at auction within 90 days, with the following distribution: *Page 4 
attorney fees to be paid from the net proceeds, $123,252 to be paid toward the Glenmoor Property, and the remainder to be divided among the parties.
 {¶ 13} Wife filed objections to the magistrate's decision on May 14, 2007. On July 18, 2007, Wife filed a notice of appeal with this Court from the May 14, 2007 magistrate's decision and the trial court's June 6, 2007 entry granting relief from an automatic stay.
 {¶ 14} Via Judgment Entry of August 3, 2007, this Court dismissed Wife's appeal for want of a final appealable order. This Court stated the magistrate's decision of May 4, 2007, was not a final appealable order as the trial court had not ruled upon Wife's objections thereto. Further, the June 6, 2007 entry was not a final appealable order as a substantial right was not affected.
 {¶ 15} On August 27, 2007, the trial court, via Judgment Entry, ordered any objection to the Lake Cable Property auction is overruled, and the property should be listed for absolute auction. The trial court further ordered all remaining objections to be taken under advisement pending a complete review of the record, including the transcript of the proceedings. Wife filed a notice of appeal from the August 27, 2007 Judgment Entry.
 {¶ 16} Via Judgment Entry of November 6, 2007, the trial court, acknowledged Wife's appeal to this Court of the trial court's August 27, 2007 Judgment Entry, but stated to the extent the trial court "retained jurisdiction in light of the pending appeal, all pending objections are overruled."
 {¶ 17} On appeal, Wife assigns as error: *Page 5 
 {¶ 18} "I. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN HE DETERMINED THAT THE GLENMOOR PROPERTY WAS THE PREMARITAL PROPERTY OF THE HUSBAND.
 {¶ 19} "II. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THE SALES PROCEEDS FROM THE LAKE CABLE PROPERTY SHOULD BE USED TO PAY OFF A PORTION OF THE DEBT ON THE GLENMOOR PROPERTY.
 {¶ 20} "III. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DEDUCTED THE PARTIES UNEQUAL ATTORNEY FEES FROM THE SALES PROCEEDS OF THE LAKE CABLE PROPERTY BEFORE DISTRIBUTION OF ANY PROFITS TO THE PARTIES AND WHEN THE TRIAL COURT FAILED TO DEDUCT UNPAID TAXES ON THE PROPERTY FROM THE HUSBAND'S SHARE OF THE PROCEEDS.
 {¶ 21} "IV. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT DETERMINED THAT THE LINSCO IRA WAS THE PREMARITAL PROPERTY OF THE HUSBAND IN SPITE OF THE LACK OF ANY EVIDENCE BY THE HUSBAND TRACING SAID FUNDS TO PRE-MARITAL PROPERTY OWNED BY THE HUSBAND BEFORE THE MARRIAGE.
 {¶ 22} "V. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT ATTRIBUTED A DEBT ON A PRE-MARITAL ASSET TO WIT: THE HUSBAND'S NEW YORK LIFE INSURANCE POLICY AS A MARTIAL DEBT WITHOUT ANY DOCUMENTARY EVIDENCE FROM THE HUSBAND THAT THE DEBT WAS INCURRED DURING THE MARRIAGE. *Page 6 
 {¶ 23} "VI. THE TRIAL COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT ACCEPTED THE HUSBAND'S APPRAISAL ON THE WIFE'S VOLVO VEHICLE OVER THE WIFE'S APPRAISAL ON THE VEHICLE WITHOUT PROVIDING AN EXPLANATION OR RATIONALE TO SUPPORT HER DECISION TO ADOPT ONE APPRAISAL OVER THE OTHER APPRAISAL.
 {¶ 24} "VII. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND AN ABUSE OF DISCRETION WHEN IT FAILED TO MAKE A DISTRIBUTIVE AWARD TO THE WIFE IN LIGHT OF THE HUSBAND'S FINANCIAL MISCONDUCT.
 {¶ 25} "VIII. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND AN ABUSE OF DISCRETION WHEN IT FAILED TO AWARD THE WIFE SPOUSAL SUPPORT.
 {¶ 26} "IX. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND AN ABUSE OF DISCRETION WHEN IT AWARDED THE HUSBAND A PRE-MARITAL INTEREST IN HOUSEHOLD GOODS WITHOUT REQUIRING THE HUSBAND TO PROVE AND TRACE HIS SEPARATE PROPERTY.
 {¶ 27} "X. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND AN ABUSE OF DISCRETION WHEN IT FAILED TO AWARD THE WIFE A PRE-MARITAL RIGHT IN HOUSEHOLD GOODS EVEN THOUGH THE RECORD CONTAINED DOCUMENTARY EVIDENCE OF THE WIFE'S PROOF OF HER SEPARATE PROPERTY."
 {¶ 28} We have held a magistrate's decision is not a final appealable order until objections have resolved. In Kochalko v. Kochalko, 2003-Ohio-3082, this Court held, "if an order is not final, appellate courts do not have jurisdiction and an appeal must be *Page 7 
dismissed. Noble v. Colwell (189), 44 Ohio St.3d 92. There is not a final appealable order if a trial court has not yet ruled upon timely filed objections. McCown v. McCown (2001), 145 Ohio App.3d 170."
 {¶ 29} Ohio Civil Rule 53(D) reads:
 {¶ 30} "(4) Action of court on magistrate's decision and on anyobjections to magistrate's decision; entry of judgment or interim orderby court.
 {¶ 31} "(a) Action of court required. A magistrate's decision is not effective unless adopted by the court.
 {¶ 32} "* * *
 {¶ 33} (e) Entry of judgment or interim order by court. A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order."
 {¶ 34} The trial court's August 27, 2007 Judgment Entry specifically overrules Wife's objections to the auction of the Lake Cable property, but states all remaining objections are taken under advisement pending a complete review of the record, including the transcripts. The trial court did not sign that portion of the standard judgment entry which would approve and adopt the magistrate's decision.
 {¶ 35} Similarly, the trial court's November 6, 2007 Judgment Entry states,
 {¶ 36} "Findings of Fact:
 {¶ 37} "The court made certain orders on August 27, 2007 and took the objections under advisement pending a full consideration of the record in this matter. The court has now had the opportunity to consider the same.
 {¶ 38} "In the interim, an appeal has been filed.
 {¶ 39} "Order: *Page 8 
 {¶ 40} "To the extent that this court retains jurisdiction in light of the pending appeal, all pending objections are OVERRULED and this case is closed."
 {¶ 41} Again, a review of the judgment entry indicates the trial court did not sign that portion of the judgment which would approve and adopt the magistrate's decision as required by Civ. R. 53(D)(4)(a), (e). Accordingly, Wife's appeal is dismissed for want of a final appealable order.
 Hoffman, P.J. Farmer, J. and Boggins, V.J. concur *Page 9 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed for want of a final appealable order. Costs to Appellant. *Page 1