[Cite as *Harper v. Kandel*, 2020-Ohio-654.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANN HARPER | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2019 AP 05 0018 |
| BRUCE KANDEL | |
| | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:      Appeal from the Tuscarawas County
                               Court of Common Pleas, Case No. 2008
                               TC 02 0095


JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        February 21, 2020


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant

PAUL HERVEY                            MICHAEL JOHNSON
4940 Munson Avenue, N.W.               Johnson, Urban & Range Co., LPA
Canton, Ohio  44718                    P.O. Box 1007
                                       New Philadelphia, Ohio  44663

*Hoffman, P.J.*

{¶1} Defendant-appellant Bruce E. Kandel appeals the April 30, 2019 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which imposed a previously suspended 30 day jail sentence after he failed to purge his contempt.   Plaintiff-appellee is Anne M. Harper, fka Kandel.

STATEMENT OF THE FACTS AND CASE

{¶2} The parties were married on April 6, 2001.  Twin daughters were born as issue of the union on May 3, 2007.  The twins were born prematurely and, as a result, have experienced medical and developmental problems.

{¶3} Appellee filed a complaint for divorce on February 27, 2008.  The parties were divorced via Judgment Entry filed September 2, 2010.  The trial court designated Appellee as the residential parent of the parties' children.  Appellant appealed the trial court's decision relative to, inter alia, the designation of Appellee as the residential parent, the division of property, and the characterization of certain property as marital property. We affirmed the trial court's judgment.   *Kandel v. Kandel*, 5th Dist. Tusc. App. No. 10AP100039, 2011-Ohio- 3031.

{¶4} On July 3, 2017, Appellant filed a motion to modify custody and to appoint a guardian ad litem.  Appellee filed a response to Appellant's motion on July 26, 2017. Appellee's response included a motion to stay the custody proceedings pending Appellant's compliance with previous court orders; a motion for attorney fees; and a motion seeking an award of the tax dependency exemptions for the children.  On July 31, 2017, Appellee filed a motion to show cause relative to Appellant's failure to pay spousal and child support, failure to pay attorney fees, and failure to pay 49% of the children's out-of-pocket medical expenses, specifically, orthodontic and dental. The trial court

scheduled a hearing on Appellant's motion to modify custody for November 30, and December 1, 2017.

{¶5} The magistrate conducted a hearing on Appellee's July 31, 2017 motion to show cause on September 27, 2017.  On September 28, 2017, Appellant filed a motion requesting the trial court order Appellee to be 100% responsible for all of the children's dental and orthodontic bills as Appellee failed to use an in-network provider despite the availability of an in-network provider in Appellee's geographic area.  Via Magistrate's Decision filed October 27, 2017, the magistrate recommended Appellant be found in contempt for failing to maintain support payments, for failing to make payment arrangements for his portion (49%) of the children's uninsured medical expenses for orthodontic and dental treatment, and for failing to pay attorney fees as previously ordered.  The magistrate recommended Appellant be sentenced to 30 days in the Tuscarawas County Justice Center, but the sentence be suspended upon Appellant's compliance with purge conditions.  The magistrate also indicated counsel for Appellee could file a motion for attorney fees relative to the cost of the prosecution of the motion to show cause.

{¶6} Appellee filed a motion for attorney fees relative to the contempt finding on November 6, 2017.  Appellant filed a reply thereto on November 8, 2017.  Appellant filed objections to the magistrate's decision on the same day.  Via Judgment Entry filed January 9, 2018, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court.  Appellant did not appeal.

{¶7} Via Judgment Entry filed August 31, 2018, the trial court ordered Appellant to pay $6000.00 in attorney fees to Appellee as ordered in its May 4, 2011 Judgment;

$3,000.00 as reimbursement for a deposit paid by Appellee to Northeast Ohio Behavioral Health Ltd.; $2,000.00 retainer for the appearance of Dr. Robin Tener at the hearing scheduled for October 10 through 12, 2018; all fees Appellee paid to the guardian ad litem; and all guardian ad litem fees as of August 31, 2018. The trial court indicated Appellant's failure to pay the aforementioned fees by September 14, 2018, would result in the dismissal of his July 3, 2017 motion which was scheduled for hearing commencing on October 10, 2018.

**{¶8}** After Appellant failed to make the ordered payments by September 14, 2018, the trial court dismissed his July 3, 2017 motion via Judgment Entry filed September 18, 2018. On October 15, 2018, Appellee filed a motion to impose the previously suspended 30 day jail sentence based upon Appellant's failure to purge the contempt. On November 1, 2018, Appellee filed a motion for order requiring Appellant pay spousal support arrearages. The trial court conducted a hearing on the outstanding motions on November 5, 2018, and February 1, 2019.

**{¶9}** Via Judgment Entry filed April 30, 2019, the trial court overruled Appellee's July 26, 2017 motion for attorney fees pursuant to R.C. 3105.73(B), but granted her November 6, 2017 motion for attorney fees on the contempt finding as well as her June 27, 2018 motion for payment and reimbursement of fees and November 1, 2018 motion for order requiring Appellant pay spousal support arrearages. The trial court also granted Appellee's October 15, 2018 motion to impose sentence, but suspended the sentence for 120 days in order to provide Appellant with a further opportunity to comply with the purge conditions. In addition, the trial court overruled Appellant's September 28, 2017 motion requesting Appellee be responsible for 100% of the children's dental and orthodontic

care, and ordered Appellant be responsible for 49% of the uninsured expenses. The trial court also granted the guardian ad litem's October 26, 2018 motion for approval of fees and ordered Appellant to pay the balance of those fees.

**{¶10}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT COMMITTED ERROR IN ORDERING BRUCE KANDEL AS PURGE TERMS FOR CONTEMPT OF COURT TO PAY EXCESSIVE AMOUNTS WHICH WERE IMPOSSIBLE TO PAY BASED UPON HIS CURRENT INCOME AND THE AMOUNT OF REIMBURSEMENTS ORDERED.

II. THE TRIAL COURT COMMITTED ERROR BY ORDERING DEFENDANT TO PAY 49% OF ORTHODONTIC EXPENSES INCURRED BY PLAINTIFF FOR THE MINOR CHILDREN. WHEN SUCH CARE WAS AVAILABLE THROUGH CARESOURCE AT NO COST. SUCH ORDER WAS ARBITRARY, UNREASONABLE AND AN ABUSE OF DISCRETION.

I, II

**{¶11}** In his first assignment of error, Appellant maintains the trial court erred in ordering purge conditions which were impossible for him to fulfill. In his second assignment of error, Appellant contends the trial court erred and abused its discretion in ordering him to pay 49% of the children's orthodontic expenses when orthodontic

treatment was available through CareSource and the parties would have incurred no out-of-pocket medical expenses.

**{¶12}** Before addressing the merits of Appellant's assignments of error, we must address the effects of his failure to appeal the trial court's January 9, 2018 Judgment Entry, which approved and adopted the magistrate's October 27, 2017 decision.

**{¶13}** In her October 27, 2017 Decision, the magistrate recommended:

1. [Appellant] should be found in contempt for failing to maintain support payments and for failing to make payment arrangements to pay the uninsured medical expenses for the children and for failing to pay attorney fees as previously ordered. He should be found to have the ability to make payments. He should be sentenced to 30 days in the Tuscarawas County Justice Center, all of which is suspended upon his compliance with purge conditions.

2. As purge conditions, [Appellant] should make payments of at least $100.00 per month towards his support arrears and should make immediate payment arrangements for the uninsured medical bills for the children.[1]

3. As a further condition of purge, he should seek work in at least 30 places of business per month and provide written evidence of his work seeking activities to counsel for [Appellee] at least monthly.

**{¶14}** October 27, 2017 Magistrate's Decision at 4.

---

[1] Specifically, 49% of uninsured medical expenses for the children's orthodontic and dental treatment. See, October 27, 2017 Magistrate's Decision at 2-3.

**{¶15}** In its January 9, 2018 Judgment Entry, the trial court overruled Appellant's objections to the magistrate's decision, and approved and adopted the findings of fact and conclusions of law without modification.

**{¶16}** In *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, the Ohio Supreme Court held, "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Id.* at ¶ 23. "[A] contemnor may have an additional appeal on the question whether the purge conditions have been met following execution of sentence on the failure to purge." *Id.* However, the subsequent purge hearing is limited to evaluating whether the contemnor complied with the purge conditions; *the contempt finding and purge conditions are not at issue at the purge hearing or the appeal therefrom. Id.* at ¶ 20–23 (Emphasis added). The question of contempt is decided at a contempt hearing, where an alleged contemnor has the opportunity to defend against the contempt charges and otherwise object to or appeal from a finding of contempt and any purge conditions. *Liming v. Damos,* 133 Ohio St.3d 509, 2012-Ohio-4783, ¶ 20.

**{¶17}** In the instant action, the trial court approved and adopted the magistrate's October 27, 2017 decision, and found Appellant in contempt. The trial court imposed a conditional sentence and provided Appellant with an opportunity to purge the contempt. A final, appealable order was, therefore, issued. See, *Docks Venture*, supra at ¶ 21–23. Appellant could have, and should have, appealed the January 9, 2018 Judgment Entry if he wished to challenge the trial court's underlying finding of contempt and/or the purge conditions. He did not do so. Rather, Appellant waited to appeal the appropriateness of

the purge conditions until *after* the trial court ruled on Appellee's motion to impose the suspended jail sentence. By failing to timely appeal from the trial court's January 9, 2018 Judgment Entry finding him in contempt, Appellant "waived his right to dispute the propriety of the contempt order, as well as the purge conditions ordered by the court." *Bostick v. Bostick,* 2d Dist. Champaign No. 2014–CA–22, 2015–Ohio–455, ¶ 13.

{¶18} At the November 5, 2018, and February 1, 2019 hearings, the trial court did not conduct a new contempt proceeding, but rather concluded the original contempt proceeding because its purpose was to determine whether Appellant had satisfied the purge conditions. "If the conditions are unfulfilled, the court is entitled to enforce the sentence already imposed, the sanction that could have been avoided by the contemnor's compliance." *Liming v. Damos, supra.* The jail sentence was not a new sentence or a new punishment.

{¶19} Because Appellant did not file a timely appeal from the January 9, 2018 Judgment Entry, we find his attempt to collaterally attack the purge conditions following the trial court's ruling on Appellee's motion to impose sentence is untimely and improper. Likewise, Appellant cannot collaterally attack the trial court's order requiring him to pay 49% of the uninsured orthodontic and dental expenses.

**{¶20}** Appellant's first and second assignments of error are overruled.

**{¶21}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Wise, John, J. concur