[Cite as *Sullivan v. Pittman*, 2022-Ohio-1211.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| CHARLENA B. (PITTMAN) | : | Hon. W. Scott Gwin, P.J. |
| SULLIVAN, ET AL | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Patricia A. Delaney, J |
| Plaintiffs-Appellants | : |  |
|  | : |  |
| -vs- | : | Case No. 2021 CA 00069 |
|  | : |  |
| FERNANDO PITTMAN, ET AL | : |  |
|  | : | <u>OPINION</u> |
| Defendants-Appellees | : |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Licking County Court
of Common Pleas, Domestic Relations
Division, Case No. 14DR1040


JUDGMENT:     Dismissed


DATE OF JUDGMENT ENTRY:     April 8, 2022


APPEARANCES:

For Plaintiffs-Appellants               For Defendants-Appellees

CHRISTOPHER L. TROLINGER          STEPHEN B. WILSON
503 South High Street, Ste 201       35 South Park Place, Ste. 150
Columbus, OH 43215                  Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellants appeal the judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

{¶2} The first appellant in this case is the mother ("Mother") of two minor children, C.P., born on January 8, 2012, and J.P., born on January 31, 2014. The second appellant in this case, hereinafter referred to as "Third-Party Defendant" is Mother's step-father, who had legal custody of the minor children prior to February of 2018. Appellees are the Fourth-Party Defendants, who were awarded legal custody of the two minor children in February of 2018.

{¶3} In April of 2019, Mother filed a motion to modify parenting time. Third-Party Defendant filed a motion for visitation on May 17, 2019. In August of 2019, Mother filed a motion to reallocate and modify parental rights and responsibilities. Appellees filed a motion to modify child support in September of 2019. Appellees filed motions for contempt against appellants on July 20, 2020 and May 14, 2020. Appellees also filed a motion for contempt against Mother on April 23, 2020. Appellants filed a motion for contempt against appellees on September 3, 2020.

{¶4} The magistrate held a hearing on September 29 and September 30 of 2020 on the motion to modify parenting time, motion for visitation, motion to reallocate parental rights, motion to modify child support, and the various motions for contempt.

{¶5} The magistrate issued a detailed judgment entry on December 7, 2020. The magistrate: denied Mother's motion to modify parenting time, denied Mother's motion to reallocate parental rights, granted Third-Party Defendant supervised visitation, granted

the motion for child support to a limited extent, found Mother in contempt for failing to maintain liability insurance coverage on the motor vehicle she used to transport the children, found appellants in contempt for taking the children to the residence of Carl Roberts for social visits, found appellants in contempt for taking the children to the residence of Mr. Kozlowski, and denied appellants' motion for contempt against appellees.

{¶6} With regard to the contempt finding, the magistrate sentenced Mother to a total of six days of incarceration and Third-Party Defendant to a total of four days of incarceration. The magistrate issued purge conditions to both Mother and Third-Party Defendant.

{¶7} Appellants filed their initial objections to the magistrate's decision on December 21, 2020.

{¶8} Appellants filed supplemental objections to the magistrate's decision on February 8, 2021. The objections are as follows: (1) the magistrate erred in disallowing all forms of contact with the children and such was against the preponderance of the evidence and the law; (2) the magistrate erred in failing to order supervised parenting time or phone contact between Mother and the children and such was against the preponderance of the evidence and the law; (3) the magistrate erred in its application of the factors contained in R.C. 3104.051(D); (4) the magistrate erred in failing to consider the impact on the children of depriving them of all contact with Mother when no evidence of harm to the children was provided; (5) the magistrate erred in failing to provide Mother with conditions to establish contact or parenting time with her children; (6) the magistrate erred in finding appellants took the children to the residence of Carl Roberts for social

visits after an order limiting the children's contact with third parties was entered; (7) the magistrate erred in finding that appellants violated the April 22, 2020 order by taking the children to the residence of Carl Roberts; (8) the magistrate erred in finding that appellants violated the order of April 22, 2020 by taking the children to the residence of Mr. Kozlowski for social visits and swimming activities; (9) the magistrate erred in finding appellants in contempt for taking the children to the residence of Carl Roberts despite there being no contact between him and the children; (10) the magistrate erred in finding appellants in contempt for taking the children to the residence of Mr. Kozlowski despite there being no contact between him and the children; (11) the magistrate erred in finding that there was contact with Carl Roberts and Mr. Kozlowski in violation of the April 22, 2020 order; (12) the magistrate erred in failing to find that the April 22, 2020 order was vague and ambiguous as it relates to the word contact as the order seems to emphasize social distancing and medical safety and no physical contact; and (13) the magistrate erred in finding Mother violated the order regarding insurance as clear and convincing evidence did not support a finding of contempt due to Mother utilizing an insured vehicle and there was no clear evidence that the children were transported in an uninsured vehicle.

{¶9} The trial court issued an opinion and judgment entry on July 27, 2021.

{¶10} In its opinion, the trial court specifically addressed Mother's first and second supplemental objections, and sustained both objections. Due to the sustaining of these objections, the trial court found Mother's third, fourth, and fifth supplemental objections to be moot. The trial court also sustained Third-Party Defendant's objections to a limited extent. The trial court did not rule on the balance of appellants' objections.

{¶11} In the judgment entry, the trial court remanded the case "to the magistrate to schedule a hearing and receive updated evidence from [Mother] and Third-Party Defendant regarding drug treatment, Third Party Defendant's compliance with the Court's orders, and to determine how that updated evidence might impact what companionship schedule is in the children's best interest considering the factors set forth in ORC 3109.04 and ORC 3109.051."

{¶12} Appellants appeal the July 27, 2021 judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division, and assign the following as error:

{¶13} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S OBJECTIONS MOOT REGARDING THE LEGAL AND FACTUAL ISSUES RELATED TO THE FINDING OF CONTEMPT INSTEAD OF RULING ON THE OBJECTIONS.

{¶14} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS FINDING THAT PLAINTIFF AND THIRD-PARTY DEFENDANT WERE IN INDIRECT CIVIL CONTEMPT BY CLEAR AND CONVINCING EVIDENCE FOR TAKING THE CHILDREN TO THE RESIDENCE OF CARL ROBERTS AND MR. KOZLOWSKI AS THE APRIL 22, 2020 ORDER WAS VAGUE AND AMBIGUOUS AS TO 'CONTACT.'

{¶15} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANTS WERE IN CONTEMPT DUE TO THE CHILDREN HAVING CONTACT WITH CARL ROBERTS AND MR. KOZLOWSKI IN VIOLATION OF THE APRIL 22, 2020 ORDER AS SUCH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING PLAINTIFF IN CONTEMPT FOR FAILING TO MAINTAIN CAR INSURANCE WHEN THE EVIDENCE DID NOT SUPPORT A FINDING BY CLEAR AND CONVINCING EVIDENCE THAT PLAINTIFF DROVE THE CHILDREN IN AN UNINSURED VEHICLE."

*Final Appealable Order*

{¶17} In this case, we must determine whether the judgment entry under review is a final appealable order.

{¶18} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. See *Gen. Acc. Ins. Co. v. Ins. Co of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2505.02(B) provides the following, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or

reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect

determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special

proceeding or upon a summary application in an action after

judgment

* * *.

{¶19} To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if, the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 101. However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

{¶20} This court has held that once there are objections to a magistrate's decision, the judgment entry of the trial court addressing these objections is not final and appealable until all of the objections to the magistrate's decision have been resolved. *Cropley v. Cappell-Bovee*, 5th Dist. Stark No. 2007CA00266, 2008-Ohio-6800 (magistrate's decision is not final and appealable until all objections have been resolved); *Kochalko v. Kochalko*, 5th Dist. Guernsey No. 01-CA-23, 2003-Ohio-3082 (no final appealable order when a trial court fails to rule on timely filed objections) ; *Arnold v Bible*, 5th Dist. Knox No. 03CA000034, 2004-Ohio-4998 (because the trial court did not rule on all of the objections to the magistrate's decision, the judgment entry is not a final, appealable order); *Wright v. Wright*, 5th Dist. Stark No. 2001CA00023, 2001 WL 1769939 (appeal dismissed as not final and appealable when trial court did not properly rule on all objections to the magistrate's decision).

{¶21} Specifically, we held "there is no final appealable order if a trial court has not yet ruled upon timely filed objections." *Kochalko v. Kochalko*, 5th Dist. Guernsey No.

01-CA-23, 2003-Ohio-3082. We based this holding upon our analysis of Civil Rule 53(D)(4)(d)'s mandatory language that, "if one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections" and Civil Rule 53(D)(4)(e)'s mandatory language that "a court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order." *Cropley v. Cappell-Bovee*, 5th Dist. Stark No. 2007CA00266, 2008-Ohio-6800.

**{¶22}** While the trial court's July 27th opinion and judgment entry sustained several of appellants' objections and found several objections moot based upon the remanding of the case to the magistrate, the trial court did not rule on the balance of appellants' objections dealing specifically with the contempt findings against appellants (objections six through thirteen). Since the trial court did not properly rule on several of appellants' objections to the magistrate's decision, we find there is no final, appealable order in this case.

**{¶23}** Appellants argue the magistrate's December 7, 2020 entry qualifies as final and appealable since it found Mother and Third-Party Defendant in contempt, set purge conditions, and provided a sentence in the event the parties failed to satisfactorily purge the contempt. We disagree.

**{¶24}** Appellants cite the case of *Harper v. Kandel* in support of their argument. However, we find *Harper* distinguishable from the instant case. In *Harper*, after the appellant objected to the magistrate's finding of contempt, the trial court issued a judgment entry overruling appellant's objections, approving the magistrate's contempt decision, adopting the magistrate's contempt finding, imposing a conditional sentence, and providing the appellant with the opportunity to purge the contempt. 5th Dist.

Tuscarawas No. 2019 AP 05 0018, 2020-Ohio-654. However, in this case, unlike in *Harper*, after appellants filed their objections to the magistrate's contempt finding, the trial court did not issue a judgment entry overruling or sustaining the objections, did not issue a judgment entry approving or adopting the magistrate's contempt finding, did not impose any conditional sentence, and did not impose any purge conditions for either appellant.

{¶25} The trial court did not rule on Mother's objections to the contempt findings. With regard to Third-Party Defendant, the trial court stated that the magistrate's order of April 22, 2020, upon which several of the contempt findings were based, "may have been overly cautious." The trial court continued, "Third Party Defendant's actions in taking the children to an outdoor setting with minimal contact with people outside the family unit was in technical violation of the Order, however in light of present information regarding COVID 19, the Court believes the Magistrate's restrictions on contact with the Third-Party Defendant might have been overly restrictive." The trial court remanded the matter to the magistrate to receive evidence on "Third-Party Defendant's compliance with the Court's orders."

{¶26} While it is not clear whether the trial court was sustaining or overruling Third-Party Defendant's objections as to the finding of contempt, there is no judgment entry by the trial court finding Third-Party Defendant in contempt or adopting the magistrate's finding of contempt after the objections were filed, as there was in previous decisions by this Court finding contempt orders final and appealable. *Harper v. Kandel*, 5th Dist. Tuscarawas No. 2019 AP 05 0018, 2020-Ohio-654 (contempt a final appealable order when trial court issued judgment entry overruling appellant's objections, approving and adopting magistrate's finding of contempt); *Slish v. Slish*, 5th Dist. Stark No.

2011CA00080, 2012-Ohio-1517 (contempt order was final and appealable when the trial court overruled appellant's objections, adopted and approved the magistrate's finding of contempt, and sentenced appellant to 10 days in jail).

{¶27} Based upon the foregoing, we find this Court lacks jurisdiction to address the assignments of error. Consequently, the above-captioned appeal is dismissed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J, concur