[Cite as *Haugh v. Zacher*, 2023-Ohio-1761.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert Kevin Haugh, Jr., | : | |
| Plaintiff-Appellee, | : | No. 22AP-755 |
| v. | : | (C.P.C. No. 20JU-1887) |
| Heidi Lynn Zacher, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 25, 2023

**On brief:** *Weis Law Group LLC*, and *David R. Plumb*, for appellant. **Argued:** *David R. Plumb*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LELAND, J.

{¶ 1} Defendant-appellant, Heidi Lynn Zacher, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her objections to a magistrate's decision denying her motion to dismiss the motion for grandparent visitation filed by maternal grandmother Susan Grimm, and granting attorney fees to Grimm in the amount of $500. For the reasons that follow, we reverse.

**I. Facts and Procedural History**

{¶ 2} Plaintiff-appellee, Robert Kevin Haugh, Jr., filed a complaint on February 11, 2020 seeking sole legal custody of his child or, in the alternative, the allocation of parenting time between Haugh and appellant. On May 9, 2022, Grimm filed a motion for grandparent visitation to secure companionship or visitation rights with her grandchild. Appellant opposed this motion and on June 14, 2022 filed a motion to dismiss Grimm's motion for grandparent visitation.

{¶ 3}   On October 5, 2022, the magistrate filed a written decision denying appellant's motion to dismiss and granting Grimm $500 in attorney fees.  That same day, the trial court attached a judgment entry approving, adopting, and entering on the record the magistrate's written decision.  On October 12, 2022, appellant filed objections to the magistrate's decision, to which Grimm filed a memorandum contra.  On November 3, 2022, appellant filed with the trial court the transcript from the magistrate hearing on Grimm's motion for grandparent visitation.  On November 10, 2022, the trial court dismissed appellant's objections to the magistrate's decision, claiming the magistrate had not yet filed a decision and therefore the objections were premature and not yet ripe.  Appellant filed a motion to reconsider on November 17, 2022 emphasizing the objections were filed in response to the magistrate's written decision adopted by the trial court on October 5, 2022.

{¶ 4}   Appellant filed a timely appeal.

## II. Assignment of Error

{¶ 5}   Appellant presents the following assignment of error for our review:

> The trial court erred in dismissing Defendant-Appellant's objections to the Magistrate's written decision on the grounds that the Magistrate had not issued a written decision.

## III. Analysis

{¶ 6}   Appellant's sole assignment of error contends the trial court erred by dismissing her objections on the incorrect basis that the magistrate had not yet filed a written decision.

{¶ 7}   "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period." Civ.R. 53(D)(3)(b)(i). "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections."  Civ.R. 53(D)(4)(d).

{¶ 8}   In the present case, the magistrate filed a written decision on October 5, 2022, and the trial court simultaneously filed a judgment entry adopting that decision. Appellant filed objections on October 12, 2022.  Appellant's filing was timely, occurring within the 14-day period permitted by Civ.R. 53(D)(3)(b)(i), and as a result, the trial court was required to rule on the objections.  Although generally "an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections," appellant alleged an error more fundamental than a failure to

rule on the objections. *Drummond v. Drummond*, 10th Dist. No. 02AP-700, 2003-Ohio-587, ¶ 13, citing *McCown v. McCown*, 145 Ohio App.3d 170, 172 (12th Dist.2001). The trial court in the present case erred in overlooking its own judgment entry from October 5, 2022 in which it explicitly adopted the magistrate's written decision. Relying on this mistaken determination that no magistrate's decision had yet been filed, the trial court further erred in dismissing appellant's objections as premature and not yet ripe. Accordingly, we sustain appellant's sole assignment of error.

## IV. Conclusion

{¶ 9}   Based on the foregoing reasons, the trial court erred in dismissing appellant's objections as premature. Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and remand the matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.