[Cite as *Besman v. Leventhal*, 2017-Ohio-464.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104414**

---

## SHERRI H. BESMAN

PETITIONER-APPELLEE

vs.

## MITCHELL W. LEVENTHAL

RESPONDENT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-14-352429

**BEFORE:** Stewart, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEYS FOR APPELLANT**

William T. Wuliger
Amy Wuliger
Wuliger & Wuliger
2003 St. Clair Avenue
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Joseph G. Stafford
Hannah R. Pasku
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114

MELODY J. STEWART, J.:

{¶1} In June 2014, a magistrate issued an ex parte temporary domestic violence civil protection order against respondent-appellant Mitchell Leventhal and in favor of petitioner-appellee Sherri Besman. In June 2015, after conducting trial on the matter, a magistrate found that Leventhal was in contempt of the June 2014 temporary ex parte order and issued a full domestic violence civil protection order ("CPO"). Leventhal filed objections to the magistrate's contempt order, but did not file objections to the order of protection. Instead, he asked the court to issue findings of fact and conclusions of law. When the court denied that request as inapplicable to civil protection order proceedings, Leventhal filed a motion for a new trial and/or relief from judgment. The court denied the motions. Leventhal appeals.

{¶2} Besman has filed a motion to dismiss the appeal from the protection order as untimely under App.R. 4(A), which requires a notice of appeal to be filed within 30 days after entry of the final order. She maintains that the summary nature of civil protection orders under Civ.R. 65.1 is such that Leventhal's post-judgment motions for findings of fact and conclusions of law and for a new trial and/or relief from judgment do not toll the running of the time to file an appeal.

**{¶3}** App.R. 4(A)(1) states that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." The failure to file a timely notice of appeal is "a jurisdictional defect." *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988).

**{¶4}** Civil protection orders are governed by Civ.R. 65.1. *Croone v. Arif*, 8th Dist. Cuyahoga No. 101103, 2014-Ohio-5546, ¶ 12. Civ.R. 65.1 was enacted, in part, to expedite the process for obtaining ruling on matters related to protection orders. *Schneider v. Razek*, 2015-Ohio-410, 28 N.E.3d 59, ¶ 30 (8th Dist.). As such, it "uniquely applies to the special statutory proceeding set forth in R.C. 3113.31, which provides the requirements for the entry of a CPO against adults for the protection of victims of domestic violence." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 5.

**{¶5}** Leventhal argues that nothing in the text of Civ.R. 65.1 prohibits a party from filing a motion requesting findings of fact and conclusions of law. This is not true. Civ.R. 65.1(A) states that the rule "supersede[s] and make[s] inapplicable in such proceedings the provisions of any other rules of civil procedure *to the extent that such application is inconsistent with the provisions of this rule*." (Emphasis added.) For this reason, it has been held that the rule "does not provide for a request for findings of fact and conclusions of law (*see* Civ.R. 53(D)(3)(a)(ii)), suggesting a more streamlined proceeding for protection orders." *Insa v. Insa*, 2d Dist. Montgomery No. 26909, 2016-Ohio-7425, ¶ 27. In other words, it would be *inconsistent* with Civ.R. 65.1 to allow a request for findings of fact and conclusions of law because it would delay the proceedings.

**{¶6}** Leventhal maintains that a post-judgment motion for findings of fact and conclusions of law would not be inconsistent with Civ.R. 65.1 because the primary focus of the rule is to avoid delay in the enforcement of a protection order and the motion would not affect the immediate enforceability of a protection order. While avoiding delay in the enforcement of a protection order may be a consequence of the rule, we abide by precedent stating that the rule is intended to "expedite" the process for obtaining rulings on matters related to protection orders. *Schneider, supra*, at ¶ 29.

{¶7} Even if Civ.R. 65.1 did permit a request for findings of fact and conclusions of law, the record shows that the court issued findings of fact when issuing the protection order. The court used Form 10.01-G, consistent with Sup.R. 10.01(D). That rule states that "[e]very ex parte civil protection order, full hearing civil protection order, and consent agreement that the domestic relations division of a court of common pleas issues or approves pursuant to section 3113.31 of the Revised Code shall include a cover sheet that is substantially similar to 'Form 10.01-G.'"

{¶8} Form 10.01-G contains a paragraph beginning with the words "The Court hereby makes the following findings of fact[.]" When the court issued the protective order, it made the following findings of fact:

> Petitioner was sworn and gave testimony that supports finding that Respondent committed domestic violence as defined in O.R.C. §3113.31 and that the Petitioner is in danger of Domestic [sic] violence. Her testimony is found to be credible. Sgt. Lesner and Matthew Besman are found to be credible. Dr. Horowitz testimony was minimal. Respondent was obstreperous throughout the trial and his testimony is found to be both evasive and self-serving.

> The Court further finds by a preponderance of the evidence: 1) that the Petitioner or Petitioner's family or household members are in danger of or have been a victim of domestic violence or sexually oriented offenses as defined in R.C. 3113.31(A) committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from domestic violence.

{¶9} Admittedly, the court's findings of fact were not comprehensive. But they did not have to be. By stating whose testimony it found to be more credible, the court established as fact the evidence offered by Besman and her witnesses. This was adequate to fulfill the purpose of separately stated findings of fact and conclusions of law to enable a reviewing court to determine the existence of assigned error. *Northpoint Props. v. Charter One Bank*, 8th Dist. Cuyahoga No. 94020, 2011-Ohio-2512, ¶ 47.

{¶10} With findings of fact and conclusions of law having already been issued, Leventhal's subsequent motion for findings of fact and conclusions of law was superfluous. And being superfluous, the motion did not toll the running of the time for appeal. *See J. & F. Harig Co. v. Cincinnati*, 61 Ohio App. 314, 320, 22 N.E.2d 540 (1st Dist.1938).

{¶11} Leventhal also filed a motion for a new trial and/or motion for relief from judgment. He claims that the time it took the court to rule on those motions tolled the running of the time to appeal consistent with App.R. 4(B)(2)(b), which states that when certain post-judgment motions like a Civ.R. 59 motion for a new trial are filed in civil or juvenile proceedings, "the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings."

{¶12} At the outset, we reject any assertion that a Civ.R. 60(B) motion for relief from judgment tolls the running of the time for an appeal. "[T]he time for filing a notice of appeal from a judgment is not tolled by either the filing of a Civ.R. 60(B) motion for relief from judgment or a motion to reconsider." *Colley v. Bazell*, 64 Ohio St.2d 243, 245, 416 N.E.2d 605 (1980).

{¶13} Although App.R. 4(B)(2)(b) does mention that a Civ.R. 59 motion for a new trial is a post-judgment motion of the type that can toll the running of the time for an appeal, we nonetheless find that this type of motion is inapplicable to Civ.R. 65.1 proceedings. For a post-judgment motion to toll the running of the time to appeal, the motion must be "timely and appropriate." App.R. 4(B)(2). Leventhal's motion for a new trial was inappropriate in the context of a Civ.R. 65.1 protection order proceeding because it would not expedite the process.

{¶14} In addition to being inappropriate under the circumstances, Leventhal's motion was superfluous. The type of objections available to Leventhal under Civ.R. 65.1(F)(3)(d) were identical to the grounds that could be asserted in a Civ.R. 59 motion for a new trial. Had the court sustained Leventhal's objections to the magistrate's decision, he would have obtained the same type of relief available to him under Civ.R. 59.

**{¶15}** In fact, Leventhal's motion for a new trial raised the same claims of error that the court rejected when overruling the objections to the magistrate's decision. Leventhal's objections were premised on his assertion that the contempt motions were improperly referred to the magistrate; that the contempt order was issued in violation of his constitutional and statutory rights to due process; that the magistrate prejudged the issues by basing her decision on evidence presented before the motion was even pending; and there was insufficient evidence to support a contempt finding. The motion for a new trial contained the same arguments: that the contempt motions were not properly referred to the magistrate; that "referral to this Magistrate was improper based upon biases she expressed beginning on the first day of the hearing on the civil protection order"; and that Leventhal had been denied his constitutional and statutory protections. The motion for a new trial was redundant to the objections to the magistrate's decision, so it did not toll the running of the time for filing an appeal. We therefore grant Besman's motion to dismiss the appeal from the civil protection order.

**{¶16}** Besman also argues that the appeal on the contempt order is untimely. The contempt citation and the civil protection order were issued by the magistrate and adopted by the court on June 4, 2015. Leventhal appealed from the June 4, 2015 contempt citation on July 15, 2015. With the notice of appeal having been filed more than 30 days after the judgment, we dismissed the appeal as untimely. *Besman v. Leventhal*, 8th Dist. Cuyahoga No. 103268 (Aug. 7, 2015), Motion No. 487921.

**{¶17}** The dismissal of the first appeal means that the issue of whether the appeal from the contempt order is timely becomes res judicata. Leventhal acknowledges the prior dismissal in Appeal No. 103268, but argues that his motion for a new trial was pending and should have tolled the running of the time for appeal. That argument should have been raised in a motion to reconsider the dismissal of the appeal under authority of App.R. 26(A)(1) or by further appeal to the Ohio Supreme Court. By failing to seek further review of the dismissal of the appeal from the contempt citation, our determination that the appeal was untimely became res judicata.

**{¶18}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR