[Cite as *S.H.B. v. M.W.L.*, 2019-Ohio-3036.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

S.H.B.,                                        :

    Plaintiff-Appellee,          :

                                No. 107258

v.                                             :

M.W.L.,                                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-14-352429

---

### *Appearances:*

Rosenthal Thurman, L.L.C., and Adam J. Thurman, *for appellant.*

Zagrans Law Firm L.L.C., and Eric H. Zagrans, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Respondent-appellant M.W.L. appeals from the trial court's order imposing a 30-day jail sentence as a result of his failure to purge his contempt. Because we find the record reflects that M.W.L. has failed to purge his contempt, we

cannot find the trial court abused its discretion in ordering the imposition of sentence.  We therefore affirm.

## Procedural History and Substantive Facts

{¶ 2}  On June 9, 2014, petitioner-appellee S.H.B. filed a petition for a domestic violence civil protection order ("CPO") against her then-husband, respondent-appellant M.W.L.  S.H.B. sought protection for herself and her son.   A magistrate issued an ex parte temporary CPO in S.H.B.'s favor, effective until June 8, 2015.   Approximately one year later, on June 4, 2015, the trial court magistrate held a hearing on S.H.B.'s motions to show cause and found M.W.L. in contempt.

{¶ 3}  In its June 2015 contempt order, the magistrate specifically stated that M.W.L. admitted at trial that he placed a GPS tracking device on S.H.B.'s vehicle, where it remained after service upon M.W.L. of the ex parte CPO, and he did in fact continue to track S.H.B. on his computer after being served with the ex parte CPO. The magistrate found these actions constituted "following, stalking, bothering, harassing, and annoying the petitioner" and are prohibited by and in violation of the ex parte CPO.  The magistrate also found that M.W.L. had several conversations with S.H.B. in which he orchestrated the dates, times, and location the calls would be placed, which the magistrate concluded demonstrated "continued control over [p]etitioner and her fragile mental and emotional state," in violation of the CPO's provision that M.W.L. not "initiate or have any contact with the protected persons * * * even with the permission of the protected person."

{¶ 4} In finding M.W.L. in contempt on two separate occasions, the magistrate stated as follows:

> Respondent is hereby sentenced to be incarcerated for a period of thirty (30) days in jail on each of the two (2) findings of contempt, or in lieu of incarceration, to perform not less than 200 hours of community service for each finding of contempt, or until the contempt is purged, whichever occurs first. The [r]espondent's sentence will be purged provided that within sixty (15) [sic] days of the issuance of a [j]udgment [e]ntry herein [r]espondent submits to the [c]ourt's Community Service Liaison a confirmation of enrollment in the Batterers' Intervention Program from the Family Guidance Center and, upon the completion of the ten (10) week program, proof of same, along with a report from a psychiatrist or licensed clinical psychologist, which verifies that the [r]espondent is in compliance with any recommendations made by the mental health professional after a psychological assessment of [r]espondent and review of this court's June 9, 2014 ex parte [CPO], a copy of the [m]otions to show cause filed by the [p]etitioner and a copy of this [o]rder.

{¶ 5} Following the hearing, the court issued a full CPO for the protection of S.H.B. and her son, effective until March 26, 2020. Thereafter, both parties filed numerous documents with the court. S.H.B. filed several motions to show cause for M.W.L.'s alleged continued refusal to comply with court orders, including the June 2015 contempt order, as well as a motion for imposition. And M.W.L., who has been represented by counsel at all times relevant to these proceedings, filed several motions, objections, and appeals to the Eighth District Court of Appeals.[1]

---

[1] M.W.L.'s first appeal was dismissed sua sponte by this court as untimely, under motion No. 487912. *See S.H.B. v. M.W.L.*, 8th Dist. Cuyahoga No. 103268 (Aug. 15, 2015). His second appeal was dismissed based upon principles of res judicata. *See S.H.B. v. M.W.L.*, 8th Dist. Cuyahoga No. 104414, 2017-Ohio-464.

{¶ 6} On July 2, 2015, M.W.L. filed a motion for a new trial and/or motion for relief from judgment, arguing that the magistrate's order wrongfully sentenced him to 60 days in jail or 400 hours of community service. On April 1, 2016, the trial court denied M.W.L.'s motion for a new trial and it granted M.W.L.'s motion for relief from judgment, in part, finding that "when two or more violations of a court order are brought out in one action for contempt, the court cannot punish the contemnor for each violation." Accordingly, the trial court modified the magistrate's order as follows:

> [T]he magistrate's order of June 4, 2015 shall be corrected to apply a sentence of [r]espondent to be incarcerated for a period of thirty (30) days in jail for the two (2) findings of contempt, or in lieu of incarceration, to perform not less than 200 hours of community service for the two (2) findings of contempt, or until the contempt is purged, whichever occurs first instead of the sentence being applied to each of the findings of contempt.

{¶ 7} The court stated that the remainder of the magistrate's June 2015 contempt order shall remain "in full force and effect." M.W.L. did not appeal the trial court's modified order.

{¶ 8} Over two years later, on May 21, 2018, the court held a hearing on S.H.B.'s motion for imposition of the jail sentence, as well as her two motions to show cause. M.W.L., a medical physician and nonpracticing licensed attorney, testified. At the hearing, M.W.L. conceded that he had previously been held in contempt for violating the CPO on two separate occasions, he was aware of the court's orders (both the June 2015 order and the April 2016 modified order), and

the court's orders were "clear" concerning M.W.L.'s obligations. Yet, M.W.L. denied that he intentionally failed to comply for years with the court's orders.

{¶ 9} M.W.L. admitted that he has had the opportunity to perform 200 hours of community service but he did not complete the 200 hours of community service; he had not enrolled in the Batterers' Intervention Program; and he had not completed a psychological evaluation, as ordered by the court. M.W.L. testified, however, that he believed the court's contempt orders provided that he had a choice regarding his contempt: (1) serve 30 days of incarceration; (2) perform 200 hours of community service; or (3) purge his sentence. And according to M.W.L., he "decided to do community service," which he commenced in 2017 and 2018. M.W.L. testified that he had been performing community service with his synagogue, but he did not report his service to the court because he was unaware of any reporting requirement. He also testified that he had no intention to violate the court's orders; he believed that by performing community service he was complying with the court's orders; and he was still in the process of performing community service, nearly three years after the issuance of the initial contempt order.

{¶ 10} On May 30, 2018, the trial court found that M.W.L. had not purged his contempt and ordered him to be incarcerated for 30 days for his failure to comply with the court's order. In its order, the court found that M.W.L. was previously found in contempt on June 4, 2015, and it made the following findings regarding the magistrate's June 2015 contempt order and its subsequent modification by the trial judge:

[The magistrate's] order was reviewed by [the trial judge], on [r]espondent's motion for new trial and/or relief from judgment. [The judge's] order modified [the magistrate's] order with regard to that portion of the original sentence imposing a sixty (60) day sentence, thirty (30) days on each contempt to that of a thirty (30) day sentence for the two (2) findings of contempt, or in lieu of incarceration, to perform not less than 200 hours of community service for the two (2) findings of contempt, or until the contempt is purged, whichever occurs first. [The judge's] order then stated that the remainder of the magistrate['s] order journalized on June 4, [2015], shall remain in full force and effect.

The magistrate['s] order states respondent is hereby sentenced to be incarcerated for a period of thirty (30) days in jail on each of the two (2) findings of contempt, or in lieu of incarceration, to perform not less than 200 hours of community service for each finding of contempt, or until the contempt is purged, whichever occurs first. This jail sentence was modified to thirty (30) days pursuant to [the judge's] subsequent review and order. The magistrate['s] order also reads [that] the [r]espondent's sentence will be purged provided that within sixty [] days of the issuance of a judgment entry herein [r]espondent submits to the court's community service liaison a confirmation of enrollment in the Batterers' Intervention Program from the Family Guidance Center and, upon completion of the ten (10) week program of same, along with a report from a psychiatrist or licensed clinical psychologist, which verifies that the [r]espondent is in compliance with any recommendation made by the mental health professional after a psychologist assessment of [r]espondent and review of this Court's June 9, 2014 ex parte civil protection order, a copy of the motions to show cause field by [p]etitioner, and a copy of this order.

The magistrate's order further states [that] in the event it is made to appear to the court by affidavit that [r]espondent, [M.W.L.], has failed to purge the contempt, a citation shall issue immediately without further notice, requiring the defaulting party to appear instanter to show cause why his sentence should not be ordered into immediate execution.

{¶ 11} The trial court further found that M.W.L. testified that he thought the court order was "an either or provision," whereby he could either perform

community service or enter the Batterers' Intervention Program, or obtain a report from a psychiatrist or psychologist and follow recommendations in lieu of incarceration to purge his contempt. Regarding M.W.L.'s interpretation of the court's prior order, the court stated that the court's prior order was clear: "the only language of the order that uses the term 'or' is in regard to thirty (30) days incarceration or 200 hours of community service. There is no use of the term 'or' as the order applies to the Batterers' Intervention Program and the psychiatrist/psychologist report and recommendations."

{¶ 12} The court then concluded that M.W.L. failed to present any evidence that he had attended or completed the Batterers' Intervention Program or had been examined by a psychiatrist or psychologist or received a report from the examining psychiatrist or psychologist. The court also determined that even if the court were to accept the M.W.L.'s testimony regarding his interpretation of the court's prior order, specifically applying the "or" to all terms provided he performed 200 hours of community service, M.W.L. "has failed to complete 200 hours of community service or provide any documentation as to any hours of community service completed." Finally, the court noted that M.W.L. has completed the appeals process concerning the court's prior contempt order, no court has issued a stay during the appeals process, and M.W.L. "has had time to complete community service, if that was what he perceived the order to require of him and he has failed to do so and has failed to comply with any of the other provisions of the order." Thus, as the court

concluded, because M.W.L. had not purged his contempt, the 30-day sentence shall be imposed.

{¶ 13} M.W.L. now appeals the trial court's imposition of his 30-day sentence, assigning the following errors for our review:

I.      The trial court erred and abused its discretion in its May 30, 2018 judgment entry by not permitting Appellant to complete 200 hours of community service in lieu of incarceration.

II.     The trial court erred and abused its discretion in its May 30, 2018 judgment entry by sentencing Appellant to thirty (30) days in jail, which resulted from ambiguous, unreasonable, and impossible purge conditions set forth in the June 4, 2015 judgment entry.

## Standard of Review

{¶ 14} We review a trial court's decision in contempt proceedings for an abuse of discretion. *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816, ¶ 8, citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). An abuse of discretion "connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Law and Analysis

{¶ 15} In his first assignment of error, M.W.L. contends that the court abused its discretion by not permitting him to complete 200 hours of community service in lieu of incarceration. In support, he argues that the court's contempt order provided him with three options: (1) 30-day incarceration; (2) 200 hours community service; or (3) purge the sentence. M.W.L. contends that he elected to perform community

service, and because he began completing the community service, the court's imposition of the 30-day jail sentence was error. In his second assignment of error, M.W.L. contends that the trial court abused its discretion in finding that he had not performed the 200 hours of community service, where the court's June 2015 contempt order did not include a deadline by which the community service must be performed. Because appellant's arguments hinge upon the interpretation of the trial court's June 2015 contempt order, and are related, we will address the assignments of error together.

{¶ 16} Contempt of court has been defined as the "disobedience of an order of a court, conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *In re Contempt of Morris*, 110 Ohio App.3d 475, 479, 674 N.E.2d 761 (8th Dist.1996), citing *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). Contempt generally consists of two elements — the finding of contempt and the imposition of a penalty or sanctions. *Coventry Group, Inc. v. J.L. Gottlieb Agency, Inc.*, 8th Dist. Cuyahoga No. 94185, 2010-Ohio-4135, ¶ 38. Where the sanction is intended to coerce compliance with a court's orders, it is civil contempt. *In re Contempt of Morris* at 480. And in the matter of civil contempt, the "'contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered.'" *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984), quoting *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253-254, 416 N.E.2d 610 (1980).

{¶ 17} Accordingly, a sanction for civil contempt must allow the contemnor to purge himself of the contempt. *Coventry Group, Inc.* at ¶ 42, citing *Tucker v. Tucker*, 10 Ohio App.3d 251, 461 N.E.2d 1337 (10th Dist.1983). A court holds a purge hearing to determine whether the contemnor has satisfied the purge conditions. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 16. If the purge conditions have not been satisfied, the court may enforce the sentence that has already been imposed, which is the sanction that could have been avoided by the contemnor's compliance. *Id.* Thus, "the only issue left for the purge hearing is whether the contemnor complied with the purge requirements." *Id.*; *State ex rel. Robles v. Mendez*, 8th Dist. Cuyahoga Nos. 100236 and 100238, 2014-Ohio-1083, ¶ 10. And while S.H.B. has the initial burden of demonstrating M.W.L. was in contempt of a court's order, M.W.L. bears the burden of showing that he complied with the purge conditions to prevent the imposition of the suspended sentence. *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816, at ¶ 9, citing *Bd. of Twp. Trustees v. Davisson*, 3d Dist. Union No. 14-08-18, 2008-Ohio-5315, ¶ 21; *see also Liming* at ¶ 21.

{¶ 18} Here, M.W.L. was previously found in civil contempt of the court's protection order. In its contempt order, the court imposed a sentence and it provided an opportunity for M.W.L. to purge the sentence. The record shows that

M.W.L. exhausted his appeals concerning the court's finding of contempt.[2]   And M.W.L. now appeals the decision of the trial court following the purge hearing.  "[A]t a purge hearing, 'the propriety of the contempt finding or the purge conditions is not in question,' and the hearing is limited to determining whether the contemnor complied with conditions imposed for purging contempt."  *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 20, quoting *Liming* at ¶ 30.  Thus, the sole issue in this appeal is whether M.W.L. satisfied the purge conditions.

{¶ 19} On appeal, M.W.L. essentially claims that the trial court's June 2015 contempt order (as modified by the April 2016 order) permitted him to serve a 30-day incarceration, perform 200 hours community service, *or* purge the sentence. And he argues that he elected to perform community service; therefore, the court abused its discretion in imposing the 30-day jail sentence.  He also argues that the contempt order is ambiguous because there is no deadline by which he must have performed his community service. We find no merit to M.W.L.'s argument.

---

[2] The record demonstrates that M.W.L. filed an untimely appeal of the June 4, 2015 contempt order on July 15, 2015, which was dismissed.  *See S.H.B. v. M.W.L.*, 8th Dist. Cuyahoga No. 103268 (Aug. 15, 2015).  The record also shows that M.W.L. appealed the June 2015 contempt order for the second time.  In *S.H.B. v. M.W.L.*, 8th Dist. Cuyahoga No. 104414, 2017-Ohio-464, this court dismissed the appeal once again, finding that the court's dismissal of the first appeal "means that the issue of whether the appeal from the contempt order is timely becomes res judicata."  *Id.* at ¶ 17.  We denied M.W.L.'s motion for reconsideration of the dismissal under motion No. 504588, in *S.H.B. v. M.W.L.*, 8th Dist. Cuyahoga No. 104414 (Apr. 17, 2017).  And the Supreme Court of Ohio declined to accept jurisdiction of this second appeal. *S.H.B. v. M.W.L., 01/31/2018 Case Announcements*, 2018-Ohio-365.

{¶ 20} To the extent M.W.L. is arguing that the purge condition — or the contempt order outlining the contemnor's sentence — is ambiguous, that argument is untimely.  As discussed above, M.W.L. has exhausted his appeals concerning the court's initial contempt finding, including any challenge to the purge conditions, and therefore, the only issue before us in this present appeal is whether M.W.L. complied with the conditions imposed for purging his contempt.  Now is not the appropriate time to address the propriety of the contempt finding or challenge the purge conditions.  *See Docks Venture, L.L.C.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, at ¶ 20, quoting *Liming,* 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, at ¶ 30.

{¶ 21}  This analysis applies equally to M.W.L.'s allegation that the contempt order is ambiguous because the court failed to establish a deadline for completing the community service.  However, even if we were to address the court's failure to include a deadline, we find M.W.L.'s argument unpersuasive.

{¶ 22} Where a court's order does not include a deadline for compliance, a reasonable time for compliance may be inferred.  *Maloney v. Maloney*, 12th Dist. Warren No. CA2015-10-098, 2016-Ohio-7837, ¶ 13 (finding the trial court's determination in contempt proceedings that the wife's actions were completed in a reasonable amount of time, where the separation agreement lacked temporal deadlines, not an abuse of discretion); *Collette v. Baxter*, 9th Dist. Summit No. 25821, 2012-Ohio-1333, ¶ 14 (finding no error in holding a party in contempt where the trial court failed to set a deadline for payment of attorney fees and the

court implied a reasonable time for compliance); *Willis v. Willis*, 149 Ohio App.3d 50, 2002-Ohio-3716, 775 N.E.2d 878, ¶ 67 (12th Dist.) (applying the "common standard of reasonable length of time" in affirming the trial court's finding of contempt where the order lacked a deadline for payment of children's medical expenses in a shared parenting agreement); *McFarland v. McFarland*, 5th Dist. Licking No. 01CA00021, 2001-Ohio-1843, 7-8 (stating that "in determining the defendant's compliance with [an order, directing the defendant to pay certain debts, that does not set a repayment schedule], the common standard of reasonable length of time is appropriate").

{¶ 23} Here, the court's June 2015 contempt order did not include a date by which M.W.L. must have completed his 200 hours of community service. We therefore infer a reasonable time for compliance. The record shows that the magistrate found M.W.L. in contempt in June 2015, and the trial court modified the contempt order in April 2016. M.W.L. testified at the purge hearing in May 2018 that he had not completed the 200 hours of community service that he admittedly elected to perform. In applying the common standard of reasonable time, we cannot find the trial court's determination that M.W.L. failed to complete 200 hours of community service (in the nearly three years of time from the initial contempt order, or the nearly two years from the modified order) to be unreasonable. Thus, the trial court's order imposing the 30-day jail sentence is not an abuse of discretion.

{¶ 24} Moreover, we find equally unavailing M.W.L.'s argument that the court abused its discretion in imposing the 30-day jail sentence because, according

to his interpretation of the contempt order, he could choose to perform community service, rather than serve the 30-day jail sentence or purge the sentence.

{¶ 25} This court has previously stated that "'where the meaning of a court's order is plain on its face, a party's misunderstanding of that order and its mandate does not make the order ambiguous nor a defense to a contempt proceeding.'" *Perkins v. Gorski*, 8th Dist. Cuyahoga No. 98478, 2013-Ohio-265, ¶ 11, quoting *Gilbert* at 6; *Chilcote v. Gleason Const. Co.*, 5th Dist. Ashland No. 01COA01397, 2002-Ohio-746, ¶ 11; *see also Scarnecchia v. Rebhan*, 7th Dist. Mahoning No. 05 MA 213, 2006-Ohio-7053, ¶ 19 (finding that a contemnor cannot avoid contempt for violating an order that is plain on its face based on the contemnor's subjective misunderstanding of the order).

{¶ 26} Based upon our review, we find the court's contempt order is clear and definite, unambiguous, and not subject to dual interpretations. The June 2015 contempt order, as modified by the court's April 2016 order, states:

> Respondent is hereby sentenced to be incarcerated for a period of thirty (30) days in jail *for the two (2)* findings of contempt, or in lieu of incarceration, to perform not less than 200 hours of community service *for the two (2) findings* of contempt, or until the contempt is purged, whichever occurs first. The [r]espondent's sentence will be purged provided that within sixty [] days of the issuance of a [j]udgment [e]ntry herein [r]espondent submits to the [c]ourt's Community Service Liaison a confirmation of enrollment in the Batterers' Intervention Program from the Family Guidance Center and, upon the completion of the ten (10) week program, proof of same, along with a report from a psychiatrist or licensed clinical psychologist, which verifies that the [r]espondent is in compliance with any recommendations made by the mental health professional after a psychological assessment of [r]espondent and review of this

court's June 9, 2014 ex parte [CPO], a copy of the [m]otions to show cause filed by the [p]etitioner and a copy of this [o]rder.

{¶ 27} As indicated above, the court's order plainly imposed a 30-day jail sentence, with an option for M.W.L. to perform 200 hours of community service in lieu of incarceration. The court, in addition, provided M.W.L. the opportunity to purge his sentence, which the court must do when ordering a sanction for civil contempt. And the court's order unquestionably provided that in order for M.W.L. to purge his sentence, he must enroll in the Batterers' Intervention Program and submit to a psychological assessment by a mental health professional. The purge condition also included a requirement that M.W.L. provide the court with verification of his compliance with any recommendations made by the examining mental health professional. M.W.L.'s purported misinterpretation of the contempt order — that he could either serve 30 days in jail *or* perform community service *or* purge his contempt — is not a defense to the court's unambiguous order.

{¶ 28} Moreover, even if we were to accept M.W.L.'s interpretation of the court's order, and his testimony that he elected to perform 200 hours of community service, we find that M.W.L. failed to demonstrate compliance. At the purge hearing, M.W.L. did not provide the court with any documentation regarding the community service allegedly performed or the number of hours performed, nor did he provide evidence that he had completed the 200 hours of service. Rather, he made generic assertions that he has recently been performing community service for the Chabad synagogue. Further, he had difficulty identifying exactly when he

performed this service, stating, "It was 2017 * * * No. No. It was 2016. 2017. * * * I think it was 2017 and 2018, yes." M.W.L.'s testimony is insufficient to satisfy his burden of demonstrating that he complied with the conditions that would prevent the imposition of the suspended sentence, which in his belief was the performance of 200 hours of community service.

## Conclusion

{¶ 29} To the extent M.W.L. is challenging the court's order regarding purge conditions, including any purported ambiguity or lack of imposed deadline, that argument is not timely. The issue on appeal is whether M.W.L. purged his contempt.

{¶ 30} The trial court's contempt order clearly imposed a 30-day jail sentence or, in lieu of incarceration, 200 hours of community service. The court's order also provided M.W.L. an opportunity to purge his contempt by completing the Batterers' Intervention Program and submit to a psychological evaluation. M.W.L. conceded that he did not attend the program or submit to an examination, and therefore, he did not purge his contempt. And even were we to accept his explanation that he believed he could elect to perform community service in order to avoid the imposition of the 30-day jail sentence, the record reflects that M.W.L. failed to perform the 200 hours of community service within a reasonable time of the issuance of the court's contempt order. We therefore cannot find the trial court abused its discretion in ordering the imposition of the sentence of 30-days incarceration for M.W.L.'s contempt of court.

{¶ 31} M.W.L.'s first and second assignments of error are overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure

_____
MICHELLE J. SHEEHAN, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR