[Cite as *Pinnacle Condominiums Unit Owners' Assn. v. 701 Lakeside, L.L.C.*, 2026-Ohio-261.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

PINNACLE CONDOMINIUMS UNIT   :
OWNERS' ASSOCIATION,

     :

   Plaintiff-Appellee,

     :     Nos.  115118 and 115119

   v.

     :

701 LAKESIDE, LLC, ET AL.,

     :

   Defendants-Appellants.

     :

[Also appealed by Cramer
Engineering, LLC, and James J.    :
Cramer,

     :

   Nonparty Appellants]

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  DISMISSED
**RELEASED AND JOURNALIZED:**  January 29, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-23-976266

---

*Appearances:*

Sikora Law LLC, Michael J. Sikora III, and George H.
Carr, *for appellee*.

Frank Consolo, *for appellants*.

MICHELLE J. SHEEHAN, A.J.:

**{¶ 1}** Defendant-appellant 701 Lakeside, LLC ("Lakeside") and nonparty-appellants Cramer Engineering, LLC ("Cramer Engineering") and James J. Cramer ("James Cramer") appeal from the trial court's judgment entry finding that Cramer Engineering and James Cramer remained in contempt of court following an earlier contempt order. In this appeal, the parties challenge (1) the trial court's order initially finding Cramer Engineering and James Cramer in contempt, and (2) the trial court's determination that Cramer Engineering and James Cramer remain in contempt, notwithstanding their belief that the contempt had been purged.

**{¶ 2}** After thorough review of the record and relevant law, we find that neither of appellants' arguments are properly before this court. With respect to appellant Lakeside, Lakeside is not a party to the trial court's contempt order and does not have standing to challenge the trial court's finding of contempt as to appellants Cramer Engineering and John Cramer. Therefore, Lakeside's appeal in 8th Dist. Cuyahoga No. 115118 is dismissed.

**{¶ 3}** With respect to appellants Cramer Engineering and James Cramer, the trial court's initial order finding them in contempt was a final appealable order from which Cramer Engineering and James Cramer could have appealed but chose not to do so. As such, the issues raised by them in the first assignment of error are outside the jurisdiction of this court. Further, no one requested the contempt to be purged and therefore the trial court never made any determination concerning

whether Cramer Engineering or James Cramer had complied with the purge conditions set forth in the initial contempt order, nor had the trial court executed a sentence on their failure to purge. As such, the trial court's order on this point is not a final appealable order and we will not determine, for the first time on appeal, whether Cramer Engineering and Jame Cramer satisfactorily purged the contempt. The issues raised by Cramer Engineering and James Cramer in the second assignment of error are not properly before this court.

{¶ 4}  Accordingly, both cases in this consolidated appeal are dismissed.

## Procedural History and Relevant Facts

### A. Complaint

{¶ 5}  On March 8, 2023, plaintiff-appellee Pinnacle Condominiums Unit Owners' Association ("PCUOA") filed a complaint concerning a dispute involving the real property known as 701 Lakeside Ave., Cleveland, Ohio. The basis for PCUOA's complaint arises from PCUOA's allegation that Lakeside was in breach of contract by failing to maintain the parking garage located on the property. The complaint set forth eight causes of action against Lakeside, including (1) statutory public nuisance, (2) breach of contract, (3) common law public nuisance, (4) statutory private nuisance, (5) common law private nuisance, (6) preliminary and permanent injunctive relief, (7) unjust enrichment, and (8) receivership.

{¶ 6}  On August 9, 2024, the trial court granted Lakeside's motion for summary judgment with respect to the nuisance claims set forth in the first, third, fourth, fifth, and sixth causes of action. The court recognized that the eighth cause

of action was not a separate cause of action but was a potential for relief under the dismissed nuisance claims. As such, the only causes of action that remained include PCUOA's breach-of-contract and unjust-enrichment claims. A trial was set for May 13, 2025, at 9:00 a.m.

## B. Contempt Finding

{¶ 7} On September 17, 2024, PCUOA issued a document subpoena to nonparty-witnesses Cramer Engineering and its statutory agent, James Cramer. When Cramer Engineering and James Cramer failed to timely comply with the subpoena, PCUOA sent follow-up letters to the witnesses on October 8, 2024, and November 12, 2024. These letters garnered no response. On December 4, 2024, PCUOA filed a motion to compel subpoena discovery, seeking an order from the trial court to compel Cramer Engineering and James Cramer to respond to the document subpoena issued on September 17, 2024. No one responded to PCUOA's motion.

{¶ 8} On December 23, 2024, the trial court granted PCUOA's motion to compel and ordered Cramer Engineering to produce to counsel for PCUOA the documents listed in the September 17, 2024 subpoena. The court's entry also ordered a contempt hearing to determine whether Cramer Engineering committed contempt of court by ignoring the subpoena. James Cramer was ordered to appear at the show-cause hearing to be held on January 15, 2025, at 2:30 p.m.

{¶ 9} On January 21, 2025, the trial court issued a judgment entry finding Cramer Engineering and James Cramer in contempt of court. The court explained that a show-cause hearing had been set for January 15, 2025, and that "[n]either

Cramer nor any representative of Cramer Engineering, however, appeared at the hearing." As a result, the court issued the following sanctions, effective February 3, 2025:

> (1) Cramer Engineering, LLC will be fined $100 per work day until such date as it produces documents sought by the subpoena.

> (2) An arrest warrant will be issued for James J. Cramer and will remain effective until such time as he complies with the subpoena. If he is arrested before he complies with the subpoena, then he will be held in jail until he purges the contempt by producing the requested documents.

{¶ 10} The court order further noted that if the subpoena recipients comply with the subpoena no later than February 3, 2025, the finding of contempt would be vacated.

{¶ 11} The trial court's January 21, 2025 contempt order was never appealed. Nor did Cramer Engineering nor James Cramer comply with the subpoena as of the February 3, 2025 deadline set forth in the order.

{¶ 12} On February 26, 2025, the same attorney representing Lakeside filed a notice of appearance on behalf of Cramer Engineering and James Cramer. The following day the attorney for Cramer Engineering and James Cramer filed a notice with the trial court indicating that Cramer Engineering had "produced documents in response to [PCUOA's] subpoena[.]" No one ever requested that the contempt be purged nor did anyone request a purge-compliance hearing be held to determine whether they had satisfactorily complied with the purge conditions set forth in the trial court's contempt order.

### C. Deposition Subpoena

**{¶ 13}** On April 8, 2025, PCUOA filed a motion to compel James Cramer to attend and give testimony at a deposition. The motion alleged that James Cramer's counsel had engaged in "substantial gamesmanship" with respect to scheduling a deposition with James Cramer. PCUOA attached an email from the trial judge to the attorneys for the parties as an exhibit, wherein the trial judge advised each party that "[a]s of January 21, 2025, James Cramer is in contempt with a penalty accruing at $100 per day. I do note that he may have complied with the subpoena by February 26, but the contempt was never purged."

**{¶ 14}** On April 11, 2025, Cramer Engineering and James Cramer filed a motion for relief from the trial court's December 23, 2024 judgment entry and the court's January 21, 2025 contempt order. The motion claimed that the trial court's contempt order should be vacated, alleging that the September 17, 2024 subpoena was invalid.

**{¶ 15}** On April 22, 2025, Lakeside filed a motion to quash the deposition subpoena that had been filed by PCUOA, ordering Cramer Engineering to attend a deposition set for May 6, 2025, at 10:00 a.m., alleging that the deposition subpoena was invalid. PCUOA filed a brief in opposition on April 25, 2025.

**{¶ 16}** On April 29, 2025, the trial court issued a judgment entry granting Lakeside's motion to quash the deposition subpoena. The trial court's judgment entry further noted:

In the meantime, Cramer and Cramer Engineering remain in contempt of court and, as a sanction for the contempt, neither of them will be permitted to testify at trial.

**D. Appeal**

**{¶ 17}** On May 12, 2025, Lakeside and nonparties Cramer Engineering and James Cramer filed a notice of appeal from the trial court's April 29, 2025 judgment entry in appeal Nos. 115118 and 115119, respectively. On May 21, 2025, we consolidated the appeals for briefing, hearing, and disposition.

**{¶ 18}** Appellants present the following assignments of error for our review:

1. The trial court erred on April 29, 2025 when it determined Cramer Engineering and James J. Cramer remained in contempt and issued new sanctions against them pursuant to its January 21, 2025 contempt of court finding, which contempt of court finding was based on their failure to comply with an invalid September 17, 2024 subpoena.

2. The trial court erred on April 29, 2025 when it determined that Cramer Engineering and James J. Cramer remain in contempt of court pursuant to the trial court's January 21, 2025 contempt of court finding and issued new sanctions against them, despite Cramer Engineering complying with the invalid September 17, 2024 subpoena by providing the subpoenaed documents to PCUOA on February 26, 2025 and notifying the trial court of its compliance by filing a notice on February 27, 2025.

**Law and Analysis**

**{¶ 19}** As a preliminary matter, after full briefing and argument was held, we note that Lakeside does not have standing to challenge the trial court's order finding Cramer Engineering and James Cramer in contempt of court or the court's order indicating that Cramer Engineering and James Cramer remain in contempt.

{¶ 20} The Ohio Supreme Court has stated that a finding of contempt "is essentially a matter between the court and the person who disobeys a court order or interferes with the court process." *Donovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 17 (1988). In civil contempt proceedings, where a contemnor has been given the opportunity to purge a contempt finding if certain conditions are complied with it has been stated that "'[t]he contemnor is said to carry the keys of his prison in his own pocket.'" *Ohio Org. Collaborative v. Ohio Redistricting Comm.*, 2022-Ohio-1750, ¶ 14, quoting *Brown v. Executive 200, Inc.,* 64 Ohio St.2d 250, 253 (1980).

{¶ 21} The order of contempt at issue in this case pertains only to Cramer Engineering and James Cramer, not Lakeside. The Ohio Supreme Court has held that "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.,* 2014-Ohio-4254, ¶ 23. In addition to that initial appeal, the Court recognized that a civil contemnor "may have an additional appeal on the limited question of whether or not the purge conditions have been met following execution of the sentence on the failure to purge." *Id.* at ¶ 2.

{¶ 22} Because Lakeside is not the party that the trial court held in contempt, Lakeside is precluded from intervening in a matter that is between the contemnors and the court. As such, the appeal filed by Lakeside in appeal No. 115118 is

dismissed.  We will address the issues raised by Cramer Engineering and James Cramer in appeal No. 115119 below.

**First Assignment of Error**

{¶ 23} In the first assigned error for review, Cramer Engineering and James Cramer challenge the trial court's January 21, 2025 judgment entry finding Cramer Engineering and James Cramer in contempt of court.  Because a court's finding of contempt is a final appealable order, pursuant to App.R. 4(A)(1), the contemnors, Cramer Engineering and James Cramer, were required to appeal that decision within 30 days.  They did not appeal the trial court's January 21, 2025 finding of contempt.  Because they failed to appeal that order, Cramer Engineering and James Cramer are precluded from challenging the trial court's contempt finding now.

{¶ 24} Contempt of court has been recognized as the "disobedience of an order of a court, conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *In re Contempt of Morris,* 110 Ohio App.3d 475, 479 (8th Dist. 1996). "Where the sanction is intended to coerce compliance with a court's order, it is civil contempt." *S.H.B. v. M.W.L.,* 2019-Ohio-3036, ¶ 16 (8th Dist.), citing *Morris* at 480.

{¶ 25} Here, the trial court's January 21, 2025 finding of contempt gave Cramer Engineering and/or James Cramer the ability to purge the contempt if they produced the sought-after documents by February 3, 2025.  The purpose of the contempt was to coerce Cramer Engineering and James Cramer to comply with the

September 17, 2024 subpoena. Thus, the trial court's contempt order is civil in nature.

{¶ 26} In civil contempt proceedings, there are two separate orders subject to appellate review:

> one, whether at the time of the finding of contempt and the imposition of sentence the trial court considered the actions of the alleged contemnor and followed the law in its findings and sentence, and two, whether at the time of the hearing on compliance with purge conditions the court considered whether the contemnor met the conditions or was prevented from doing so.

*Docks Venture, L.L.C.,* 2014-Ohio-4254, at ¶ 21. As discussed above, "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Id*. at ¶ 23. In addition to that initial appeal, the Court recognized that a civil contemnor "may have an additional appeal on the limited question of whether or not the purge conditions have been met following execution of the sentence on the failure to purge." *Id*. at ¶ 2.

{¶ 27} In the first assignment of error, Cramer Engineering and James Cramer challenge the propriety of the trial court's January 21, 2025 contempt order finding Cramer Engineering and James Cramer in contempt. Because that contempt order is a final appealable order under *Docks,* "a party that fails to appeal that order waives their right to dispute the contempt findings following the imposition of sentence for failing to satisfy the purge conditions." *Andrews v. Andrews,* 2022-Ohio-3854, ¶ 14 (2d Dist.). *See also S.H.B.,* 2019-Ohio-3036, at

¶ 20 (8th Dist.) (holding that a contemnor is precluded from addressing the propriety of a contempt finding or challenging the purge conditions once the appeals concerning the initial contempt findings had been exhausted); *Harper v. Kandel,* 2020-Ohio-654, ¶ 17 (5th Dist.) (holding that by failing to timely appeal the trial court's order finding of contempt, the contemnor "'waived his right to dispute the propriety of the contempt order, as well as the purge conditions ordered by the court'"), quoting *Bostick v. Bostick,* 2015-Ohio-455, ¶ 13 (2d Dist.).

{¶ 28} Cramer Engineering or James Cramer could have appealed the trial court's initial order finding Cramer Engineering and James Cramer in contempt. They did not. As a result, they are precluded from challenging the propriety of the trial court's initial contempt findings now. Accordingly, the issues raised by Cramer Engineering and James Cramer in the first assigned error are outside the jurisdiction of this court and are overruled.

**Second Assignment of Error**

{¶ 29} In their second assignment of error, Cramer Engineering and James Cramer claim that the trial court erred in its April 29, 2025 judgment entry by finding that Cramer Engineering and James Cramer remained in contempt of court. They allege that the subpoenaed documents were provided to PCUOA on February 26, 2025, and notice was filed with the trial court the following day and that they complied with the purge conditions, believing the trial court's contempt finding had been purged.

{¶ 30} However, no one ever moved the trial court to purge the finding of contempt nor did they request a purge hearing in which the trial court could have determined whether either Cramer Engineering or James Cramer had complied with the purge conditions. Nor did the trial court ever issue an order affirmatively purging the contempt. As such, the issue of whether they complied with the trial court's purge conditions is not properly before us because it was not addressed by the trial court.

{¶ 31} As discussed above, a civil contempt sanction includes conditional penalties "'designed for remedial or coercive purposes and are often employed to compel obedience to a court order.'" *Docks Venture, L.L.C.,* 2014-Ohio-4254, at ¶ 15, quoting *State ex rel. Corn v. Russo,* 90 Ohio St.3d 552, 555 (2001). A court may hold a purge hearing to determine whether the contemnor has satisfied the purge conditions. *S.H.B.,* 2019-Ohio-3036, at ¶ 17 (8th Dist.), citing *Liming v. Damos,* 2012-Ohio-4783, ¶ 16. Such a hearing "is limited to determining whether the contemnor complied with conditions imposed for purging contempt." *Docks* at ¶ 20, citing *Liming* at ¶ 30. The contemnor bears the burden of showing that the purge conditions have been complied with. *Id.* at ¶ 17, citing *In re A.N.,* 2013-Ohio-3816, ¶ 19 (8th Dist.).

{¶ 32} We "'will not consider a question not presented, considered or decided by a lower court.'" *First Rehab. Funding, LLC v. Milton,* 2025-Ohio-2677, ¶ 23 (8th Dist.), quoting *Kalish v. Trans World Airlines, Inc.,* 50 Ohio St.2d 73, 79 (1977). An issue "'not raised in the trial court may not be raised for the first time on

appeal.'" *Id.,* quoting *Spy v. Arbor Park Phase One Assoc.,* 2020-Ohio-2944, ¶ 16 (8th Dist.). As a result, "[t]he 'failure to raise an issue before the trial court waives that issue for appellate purposes.'" *Id.,* quoting *Miller v. Cardinal Care Mgmt.,* 2019-Ohio-2826, ¶ 23 (8th Dist.).

{¶ 33} Furthermore, the Ohio Supreme Court has held that a civil contemnor, in addition to being able to appeal from a final order finding the contemnor in contempt, "may have an additional appeal on the limited question of whether or not the purge conditions have been met *following execution of the sentence on the failure to purge.*" (Emphasis added.) *Docks Venture, L.L.C.* at ¶ 2. As discussed above, the trial court never determined whether Cramer Engineering and James Cramer purged the contempt and, therefore, has yet to execute a sentence on their failure to purge. As such, the court's order finding that they remained in contempt, absent an execution of a sentence on the failure to purge, is not a final appealable order from which they may appeal.

{¶ 34} Because the trial court never addressed whether Cramer Engineering and/or James Cramer had complied with the purge conditions or executed a sentence on their failure to purge, this issue is not properly before us on appeal because the trial court did not address it. We decline to make such a factual determination with respect to Cramer Engineering's or James Cramer's compliance with the purge conditions, or lack thereof, in the first instance on appeal. The portion of the appeal concerning issues raised in the second assignment of error is, therefore, dismissed.

**{¶ 35}** Accordingly, we dismiss the appeals in appeal Nos. 115118 and 115119.

It is ordered that appellee recover from appellants the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR